JOHN H. COLLINS *vs.* THE INHABITANTS OF DORCHESTER.

In an action against a town for an injury occasioned by a defect in a highway, evidence is not admissible, on the part of the plaintiff, for the purpose of proving the existence of such defect, that another person, before the injury complained of, received a similar injury, at or near the same place, and from the same alleged defect, without any negligence on his part.

Reports of committees of a town, relating to the condition of a highway, and the votes of the inhabitants thereupon, are not competent evidence, in an action against the town for an injury occasioned by a defect in such highway, of an admission by the town that the highway in question was defective.

Where a jury were instructed, that towns were not ordinarily bound by law to fence their roads, but were afterwards instructed, that towns were bound to erect fences or railings at places which would otherwise be unsafe or inconvenient for travellers exercising ordinary care; it was held, that there was no legal exception to the instruction.

THIS action was brought for an injury received by the plaintiff in December, 1847, by reason of a defect in a highway, which the defendants were bound to keep in repair. The trial was in the court of common pleas, before *Hoar*, J., to whose rulings and instructions the plaintiff excepted.

The highway in question passed through a marsh, and was made smooth and passable for the width of at least thirty-one feet; and, on each side, at the edge of and along the road there was a row of posts about six feet apart, extending on each side for twenty rods or more, which had been standing for many years. The plaintiff drove his chaise against one of the posts, so that one wheel passed outside of and locked upon the post; and this accident was the occasion of the injury complained of. It appeared that two or three of the posts, at about the place where the accident occurred, were broken down or removed. The alleged defect was the want of a railing at the place where the accident occurred; the plaintiff con-

tending that some railing was necessary to keep travellers from passing into the marsh; or, if this were not so, that the posts themselves, without a railing, were dangerous to travellers. Evidence was given, on both sides, as to the actual condition of the road, and the mode in which it was travelled, at the time of the accident and for a long time before.

The plaintiff, having introduced evidence of the injury, and of the circumstances under which it occurred, proposed to prove, by one Sprague, that before the happening of the accident complained of, the witness was riding over the same road, at or near the same place, and under similar circumstances, and that an accident similar to the one in question then occurred, which was caused by the same alleged defect, and without any neglect or fault on the part of the witness. But the plaintiff stated, at the same time, that he did not expect to prove, that the defendants had any notice of this accident. The proposed evidence being objected to, the presiding judge ruled, that for the purpose of proving notice to the town, the plaintiff might show, that any inhabitant of Dorchester had known or heard of accidents upon the highway in question; but, that for the purpose of proving the way defective, the plaintiff could not be allowed to show the circumstances of another accident alleged to be similar, as that would raise a collateral issue, and result in testing one point in dispute by another. The evidence was accordingly rejected.

The plaintiff offered in evidence the records of certain meetings of the defendants legally held in March and April, 1845, with the reports of certain committees, and the action of the town thereon, relating to the condition of the highway in question, for the purpose of proving, as being admitted or recognized by such reports, the existence of the alleged defect, namely, the want of a suitable fence, and also notice thereof to the town. The evidence was held to be competent for tne latter purpose, but not for the former.

The presiding judge, in his charge to the jury, instructed them that towns were not ordinarily bound by law to fence their highways; but he afterwards instructed them, that towns

were bound to erect fences or railings at such places as, with-out them, would be unsafe or inconvenient for travellers ex-ercising ordinary care.

*F. Hilliard,* for the plaintiff.

*J. J. Clarke* and *N. F. Safford,* for the defendants.

METCALF, J.　1. The testimony of Sprague, that he, before the injury complained of by the plaintiff, received a similar injury, at or near the same place, without any negligence on his part, was not competent for the purpose of proving that the road was defective at the time and in the place of the plaintiff's injury.　It was testimony concerning collateral facts, which furnished no legal presumption as to the principal facts in dispute, and which the defendants were not bound to be prepared to meet.　*Standish* v. *Washburn,* 21 Pick. 237 ; 2 Stark. Ev. 381 *et seq.* ; 1 Greenl. on Ev. §§ 52, 448.　Even a judgment recovered by Sprague against the defendants for damages sustained by him by reason of a defect in the road, would not be admissible in evidence in favor of this plaintiff.

2. The reports of committees of the town, relating to the condition of the road, and the action of the town on those reports, were rightly held, by the judge, not to be competent evidence of an admission, by the town, that the road was de-fective.　As we understand this point, the present case cannot be distinguished from that of *Dudley* v. *Inhabitants of Weston,* 1 Met. 477.

3. The plaintiff's counsel insists that towns are " ordinarily " bound by law to fence their roads, and that the judge erred in instructing the jury otherwise.　But the judge afterwards told the jury that towns were bound to erect fences or railings at such places as would be unsafe or inconvenient without them ; so that it is immaterial whether he was right or wrong in saying that they were not ordinarily bound so to do.

*Exceptions overruled.*