## Moulton *versus* Scruton.

In an action on a warranty for the soundness of a horse, a witness who tes-
tifies for plaintiff as to the appearance and action of the horse, but who is
not an *expert*, cannot be asked on cross-examination whether he had ob-
served the same appearances in horses who had been hard driven and then
exposed.

In such an action, the measure of damages is the difference in value of what
the horse was warranted to be, and what it actually was at the time of the
sale. The jury are not allowed to add interest or what would be equivalent
to interest from the date of the writ.

On Exceptions from *Nisi Prius*, Rice, J., presiding.
Case.

39 287
52 76
57 601
78 323

The suit was for an alleged breach of warranty for the
soundness of an horse.

One witness, called by plaintiff, testified, that he saw the horse in controversy three days after the exchange, and she appeared sore in the feet; would keep stepping up first one foot and then the other and appeared stiff when turned short on the floor, and was some lame.

On cross-examination, he was asked if he did not know, that other horses which had been hard driven and then exposed, were often found to appear or be in the same condition as this horse was when he saw her. This being objected to was excluded by the Court.

In the instruction to the jury, the measure of damages given, was the difference occasioned by the unsoundness between what the horse would have been worth if she had been what she was represented and warranted to be, and what she actually was, at the time when the exchange was made, with what would be equivalent to interest on that sum from the date of the writ.

Verdict for plaintiff and exceptions taken.

*May*, in support of the exceptions.

*Morrill & Fessenden, contra.*

RICE, J. — The question proposed to the witness, Dennett, was properly excluded. It referred to matters in no wise connected with the issue then before the Court. Dennett does not appear to have been an expert. If the question had been answered in the affirmative by the witness, it does not appear that all the horses observed by him might not have been unsound. To render the evidence of any practicable value, even by way of comparison, the character and condition of each horse, the manner in which it had been driven and the degree of exposure to which it had been subjected, must have been inquired into, thus raising many distinct, collateral issues, none of which could the other party be supposed to be in a condition to meet, besides thereby protracting the trial indefinitely. Such testimony is inadmissible. 1 Greenl. Ev. § § 52, 448; *Cushing* v. *Dorchester*, 6 Met. 396; *Aldrich* v. *Pelham*, 1 Gray, 510.

The measure of damages, in case the jury should find a breach of warranty, was stated by the Court to be, *as the report finds*, the difference occasioned by the unsoundness, between what the horse would have been worth, if she had been what she was represented and warranted to be, and what she actually was, at the time when the exchange was made, with what would be equivalent to interest on that sum from the date of the writ.

This rule, it is contended, contains a direction to the jury to allow a sum equal to interest from the date of the writ, beyond the real damage sustained by the breach of warranty, and therein is erroneous. Such we think is the fair construction of the language used in the report.

There has been much uncertainty as to the measure of damages in this class of cases, both in this country and in England. The rule laid down by Greenleaf, in his work on Evidence, vol. 2, § 262, is as follows : — " In assumpsit upon the warranty of goods, the measure of damages is the difference between the value of the goods at the time of sale, if the warranty were true, and the actual value in point of fact."

In support of this doctrine, the author cites *Eggleston* v. *Macauley,* 1 McCord, 379, where the rule is thus stated : — " on breach of warranty, express or implied, in the sale of an article, the damages to be recovered must be rateable with the loss ; and if a total loss, the whole sum paid, *with interest,* may be recovered back." He also cites *Armstrong* v. *Percy,* 5 Wend. 335, which was for a breach of an implied warranty in the title to a mare, and in which MARCY, J., states the rule of damages to be the price paid the defendant for the horse, *and interest* thereon, together with costs which the plaintiffs became liable to pay the true owner, in their suit to establish their title.

In *Neel* v. *Deens,* 1 Nott & McCord, 210, a similar rule was recognized by the Court, in an action for damages in the sale of a slave, which proved to be unsound.

In *Voorhes* v. *Earl,* 2 Hill, 288, which was assumpsit for

breach of warranty in the sale of sixty barrels of flour, COWEN, J., in delivering the opinion of the Court, remarked, "regarding this case as one of simple warranty without fraud, the measure of damages adopted at the trial, (which was the difference between the price paid, and that at which the article sold, at auction, *and interest* thereon,) was wrong. It should have been the difference between the value of the sixty barrels, at the time of the sale, considered as superfine flour, and the value of the inferior article sold."

In *Cary* v. *Gruman*, 4 Hill, 625, which was for a breach of warranty in the soundness of a horse, the rule was said to be, "by paying to the vendee such sum, as together with the cash value of the defective article, shall amount to what it would have been worth, if the defect had not existed."

It is now well settled, that the rule is the difference between the actual value, and the value that the article would have possessed, if it had conformed to the warranty. Sedgwick on Meas. of Dam. 290.

In the above cases, the question of interest does not appear to have been particularly considered.

But the question arises, whether interest, or its equivalent in damages, may be allowed in this class of cases, under any circumstances. Story, in his work on Contracts, § § 1029, 1030, says, "we now come to the second class of cases upon which interest is allowed, not as matter of strict right, and as a necessary incident to the original debt, but upon which it may be allowed by the jury *by way of damages.* Within this class are included cases of tort, or breach of contract, whereby special damage has resulted to the party claiming it. * * * * When the claim arises from tort, the form of action will not preclude the right to interest; and there is no difference in this respect, whether the action be assumpsit, or trespass, or trover. So also when there is a breach of contract, the same rule governs."

The general rule would seem to be, that it is not in conformity with legal principles, to allow interest in actions for unliquidated and contested claims, sounding in damages, but

it is within the discretion of a jury to give interest in such cases in the name of damages. *Still* v. *Hall,* 20 Wend. 51; *Goddard, Adm'r,* v. *Bulow,* 1 Nott & McCord, 45; *Gilpin* v. *Consequa,* Peters C. C. R. 88; *Willings* v. *Consequa,* ibid. 172; 1 Johnson, 315.

From the report of the case at bar, the jury appear to have been deprived of that *discretion,* by the instructions of the Judge. The result of such instructions may have been to increase the verdict by the amount of the interest upon the damages found against the defendant, from the date of the plaintiff's writ, to the time of trial. To that extent only could the defendant have suffered from the erroneous instruction. This sum, which may be accurately estimated, it is competent for the plaintiff to remit. If he shall elect so to do, and enter the same upon the record, he may have · judgment for the balance; otherwise a new trial must be granted.

APPLETON, J., *hæsitante.*

