EDWARD R. BRANCH *vs.* ANDREW J. LIBBEY.

Kennebec.    Opinion June 22, 1886.

*Ways.  Defects.  Evidence.*

In an action against an individual for injuries sustained on account of defects or improper obstructions made by the defendant in a way, evidence is not admissible to prove that other persons passed safely over the alleged defect.

ON exceptions from the superior court.

An action of the case to recover alleged injuries claimed to have been sustained by the plaintiff to himself, his horse and carriage, by reason of an alleged defective granite crossing in Oakland. The crossing was built by the defendant by order of the selectmen. The plaintiff, in driving over the crossing on the same day that it was built, met with the accident which caused the injuries, and he claimed the accident was caused by the defective and unsafe condition of the crossing.

The defendant denied that the crossing was in an unsafe condition; and he was allowed against the plaintiff's objections to prove that, just before and just after the plaintiff's accident, other persons drove over the crossing without injury.

*Brown and Carver*, for the plaintiff, cited: *Collins* v. *Dorchester*, 6 Cush. 396; *Standish* v. *Washburn*, 21 Pick. 237; *Aldrich* v. *Pelham*, 1 Gray, 510; *Kidder* v. *Dunstable*, 11 Gray, 342; *Schoonmaker* v. *Wilbraham*, 110 Mass. 134;

*Merrill* v. *Bradford*, 110 Mass. 505; 109 Mass. 126; 6 Cush. 524; 3 Cush. 174; 7 Gray, 86; 1 Allen, 187; 112 Mass. 455; 1 Pick. 171; 127 Mass. 524; 122 Mass. 541; 97 Mass. 346; *Hubbard* v. *And. & Ken. R. R. Co.* 39 Maine, 506.

*G. T. Stevens*, for the defendant.

The evidence tending to show the effect of the cross walk upon the public travel, its character and its capacity to do mischief or otherwise, was admissible. *Crocker* v. *McGregor*, 76 Maine, 282. In that case, LIBBEY, J., said: "The issue was whether a mill constructed and used with the steam escaping into the way was a nuisance to the public travel. Evidence showing that it naturally frightened ordinary horses when being driven by it, was competent to show its effect upon public travel, its character and its capacity to do mischief."

The evidence complained of in the case at bar tended to show the capacity of the inanimate thing, the cross walk, to do the mischief or not to do the mischief complained of.

FOSTER, J. The only question presented by this bill of exceptions is upon the admissibility of evidence, against the plaintiff's objection, by which the defendant was allowed to prove that just before and just after the accident to the plaintiff, other persons drove over the street crossing without injury.

Without discussing or even expressing any opinion in relation to the merits of the plaintiff's claim which he sets up against this defendant, we think the evidence was improperly admitted. It has been repeatedly held in actions against towns for injuries sustained on account of alleged defects in highways therein, that evidence is not admissible to prove that a person other than a party to the action, has either passed safely over the alleged defect, or has received an injury at that place. Such evidence is not competent either for the purpose of proving that the way was defective, or in suitable condition, at the time and place of the alleged injury, or as a test of the degree of care exercised by the plaintiff. In support of these principles only a few of the numerous cases need be cited, among which are the following: *Aldrich* v. *Pelham*, 1 Gray, 510; *Collins* v. *Dorchester*, 6

Cush. 396; *Kidder* v. *Dunstable*, 11 Gray, 342; *Schoonmaker* v. *Wilbraham*, 110 Mass. 134; *Hubbard* v. *A. & K. R. R. Co.* 39 Maine, 506; *Hubbard* v. *Concord*, 35 N. H. 52.

The reason assigned for rejecting such evidence is that it is not pertinent to the issue, but is evidence concerning collateral facts tending "to draw away the minds of the jury from the point in issue, and to excite prejudice and mislead them; and, moreover, the adverse party having no notice of such a course of evidence, is not prepared to rebut it." 1 Greenl. Ev. § 52. As was said by this court in *Parker* v. *Portland Publishing Co.* 69 Maine, 175, the entire weight of judicial authority is against the reception of such evidence. And in *Moulton* v. *Scruton*, 39 Maine, 288, it was held that such evidence was inadmissible upon cross examination. If admitted, each case would present a distinct issue, with all its attendant circumstances, including the degree of care, the rate of speed and the kind of vehicle, with which each person was driving. The attention of the jury would thus be diverted from the main issue, and directed to what is unimportant and purely collateral.

In this case it appears from the exceptions that the evidence admitted went further than was allowable. It went further than showing the mere fact of other persons having driven over the crossing, thereby affording them an opportunity of observing its actual condition, and concerning which they might properly have been allowed to testify. It went so far as to introduce before the jury the effect produced,—that others drove over the crossing without injury. The jury may have been more or less influenced by this testimony. It was inadmissible.

*Exceptions sustained.*

PETERS, C. J., WALTON, DANFORTH, LIBBEY and EMERY, JJ., concurred.