WILLIAM J. BREMNER *vs.* INHABITANTS OF NEWCASTLE.

Lincoln.    Opinion April 15, 1891.

*Way.    Defect.    Evidence.*

On the trial of an action against a town for an injury occasioned by a defect in a highway, when one of the issues in the case was the position of a plank at the end of a bridge, and whether it rendered the way unsafe for travelers, evidence that other persons with their vehicles had received injuries at the place of the alleged defect is not admissible to show that the way is defective.

ON MOTION AND EXCEPTIONS.

This was an action to recover damages sustained by plaintiff through a defective highway. The jury returned a verdict of two hundred dollars for the plaintiff.

The facts are sufficiently stated in the opinion.

Arguments of counsel upon the motion are not reported, as the court express no opinion thereon.

*W. H. Hilton*, for defendants.

Counsel cited : *Collins* v. *Dorchester*, 6 Cush. 396 ; *Robinson* v. *R. R.* 7 Gray, 96 ; *Merrill* v. *Bradford*, 110 Mass. 505, and cases cited ; *Bunker* v. *Gouldsboro'*, 81 Maine, 188, and cases cited.

*L. M. Staples*, for plaintiff.

Exceptions immaterial. Result not affected by the admission of the evidence of the defect as noticed by other parties. *State* v. *Kingsbury*, 58 Maine, 238 ; *School District* v. *Ins. Co.* 62

*Id.* 330 ; *Mathews* v. *Fisk*, 64 *Id.* 101 ; *Canterbury* v. *Boston*, 141 Mass. 215, and cases cited.

LIBBEY, J.    This is an action against the defendant town to recover damages alleged to have been received by a defect in a highway in said town.    The alleged defect was the position of a plank at the Newcastle end of the bridge across the river between that town and Damariscotta.    One issue involved in the case was, whether the plank rendered the way unsafe for travelers.

The plaintiff called one Dexter Sanborn as a witness, who, after describing the position of the plank, was asked by plaintiff's counsel, against the objection of the defendant, this question : "In passing from the Newcastle side on to that bridge, what effect did it have upon your carriage ?"    The question was admitted and the witness answered : "Go quick enough and it would yank you some."    He was further asked : "Didn't you break a spring there ?" to which he was permitted to answer under defendant's objection : "I broke a spring going over that plank."    He was further asked : "What kind of a carriage was it this spring was broken on ?"    To this, objection was made, but it was admitted and the witness answered : "A hack.    I was driving the hack."

We think this was error.    This court has quite recently held that such evidence in this class of cases, is not competent.    The practice in this state has been in accordance with this rule. *Branch* v. *Libbey*, 78 Maine, 321, and cases cited.

The same rule prevails in Massachusetts.    See cases cited in *Branch* v. *Libbey*, *supra* ; and in New Hampshire, *Hubbard* v. *Concord*, 35 N. H. 52.

We are aware that courts in some other jurisdictions hold this class of evidence competent, but we think our rule is wise, and we must adhere to it.

*Exceptions  sustained.*

PETERS, C. J., WALTON, VIRGIN, HASKELL and WHITEHOUSE, JJ., concurred.