## FRED A. SHEAF *vs.* GEORGE HUFF.

## Kennebec.    Opinion December 22, 1920.

*Personal injury case.    Negligence of defendant.    It is not the duty of an em-*
*ployer to furnish a reasonably safe place for his employees to work, but he*
*is bound to exercise reasonable care to do so.*

This case comes up on motion and exceptions.    One of the exceptions must
be sustained.    The justice, in his charge, with respect to the duty resting
upon the employer to furnish a place for the employee to work in, stated the
measure of duty as follows: "It is necessary for the defendant to furnish a safe,
a reasonably safe place for his employees to work; he is bound to furnish a
reasonably safe place."    The whole charge is printed and made a part of the
case, but a careful examination discloses no modification of the language
or meaning of the rule as above given.    Nor are we able to say from the rec-
ord which is also made a part of the exceptions, that the evidence so strongly
predominates in favor of the plaintiff as to make the inadvertence a case of
harmless error.

*Held:*

1.    There may be a marked distinction in the duty of being bound to furnish
a reasonably safe place, and exercising reasonable care to do so.

2.    A place may not be reasonably safe, and on account of not being so, may
be the proximate cause of an injury, and yet if the employer has exercised
reasonable care to make it reasonably safe he is not liable.

3.    If the place is, as a matter of fact, reasonably safe, it is immaterial whether
the employer exercises any care in selecting it.

4.    It is only when the place is not reasonably safe, that the test of any care is
invoked.

5.    When the test of any care is invoked, it is not that the master is bound to
furnish a reasonably safe place, but to exercise due care to do so.

On motion and exceptions by defendant.    Plaintiff seeks in this
action to recover damages for personal injuries sustained while in
the employ of defendant as a sawyer in his portable sawmill.    The
case was tried in the Superior Court for Kennebec County, and
the jury returned a verdict of fourteen hundred dollars for plaintiff.
Defendant filed a motion for a new trial, and also a bill of excep-
tions.    Exceptions sustained.

Case is stated in the opinion.

*Andrews & Nelson,* for plaintiff.

*A. S. Littlefield, and C. R. Tupper,* for defendant.

SITTING: CORNISH, C. J., SPEAR, HANSON, PHILBROOK, MORRILL, WILSON, JJ.

SPEAR, J. This case comes up on motion and exceptions. One of the exceptions must be sustained. The justice, in his charge, with respect to the duty resting upon the employer to furnish a place for the employee to work in, stated the measure of duty as follows: "It is necessary for the defendant to furnish a safe, a reasonably safe place, for his employees to work; he is bound to furnish a reasonably safe place." The whole charge is printed and made a part of the case, but a careful examination discloses no modification of the language or meaning of the rule as above given. Nor are we able to say from the record which is also made a part of the exceptions that the evidence so strongly predominates in favor of the plaintiff as to make the inadvertence a case of harmless error.

There may be a marked distinction in the duty of being bound to furnish a reasonably safe place, and exercising reasonable care to do so. A place may not be reasonably safe, and on account of not being so, may be the proximate cause of an injury, and yet if the employer has exercised reasonable care to make it reasonably safe he is not liable.

If the place is, as a matter of fact, reasonably safe, it is immaterial whether the employer exercises any care.

It is only when the place is not reasonably safe, that the test of due care is invoked.

The question then at once arises: The place not being reasonably safe, has the employer exercised due care to make it reasonably safe? Has he done what a reasonably prudent and careful man would have done, in the particular instance? In *Hull* v. *Hall,* 78 Maine, 117, it is said:

"The implied duty of the master being measured by the legal standard of ordinary care, his knowledge or want of knowledge of the actual condition of the machinery when it falls below the legal standard of being reasonably safe and causes the injury, becomes a material element. . . . When the master, there-

fore, does not know of the dangerous condition of the machinery and has exercised that standard of care in relation thereto, he has discharged his duty and there is nothing of which negligence can be predicated. And such is the result of all the cases."

But if an employer is bound to furnish a reasonably safe place then the test of due care is entirely eliminated. It matters not how much care the employer has exercised if, as a matter of fact, the place is not reasonably safe, he is liable, so far as the element of place is concerned.

It accordingly appears that the definition of the duty of an employer in furnishing a place for his workmen is in no sense technical, but one which carefully differentiates between making the employer an insurer of the reasonable safety of the place, and an observer of the universal rule of reasonable care to furnish such a place. It is unnecessary to cite cases, as the definition of the duty is usually found to be as stated in *Elliott* v. *Sawyer,* 107 Maine, 201: "It is admittedly the duty of a master to use reasonable care to furnish for his servant a reasonably safe place for him to do his work."

*Exceptions sustained.*