REGINALD C. SPENCE

*vs.*

BATH IRON WORKS CORPORATION.

Sagadahoc.    Opinion, April 13, 1944.

288

*Edward W. Bridgham,*

*Harold J. Rubin,* for the plaintiff.

*William B. Mahoney,*

*John P. Carey,* for the defendant.

SITTING: STURGIS, C.J., THAXTER, HUDSON, MANSER, MURCHIE, CHAPMAN, JJ.

MURCHIE, J.   The issues here presented for consideration arise under three exceptions to rulings made by the Justice who presided in the Trial Court, duly noted by the defendant and allowed on its behalf, and under a general motion for new trial

based on the usual grounds, including allegation that the damage award of $2,500 is excessive.

The first two exceptions relate to the admission, over objection, of evidence intended to prove that the defendant knew, or should have known, that the plaintiff was required to handle materials of a dangerous or deleterious nature in his work, and to establish negligence on its part in failing to warn the plaintiff of the hazard or to provide safeguards to protect him from the danger of infection necessarily incidental to that work. There can be no doubt on the record that the jury would have been justified in finding that the plaintiff became infected with a skin disease, which the dermatologists call hal-acne or halo-wax acne, as the direct result of handling and working upon degaussing cables in defendant's shipyard.

The defendant is an assenting employer under the Workmen's Compensation Act, R. S. (1930), Chap. 55, but the damage for which recovery is sought results from an occupational disease rather than from accidental means, and compensation therefor under the terms of that Act is not available, *Dillingham's Case,* 127 Me., 245, 142 A., 865.

No case in this jurisdiction heretofore has raised the issue whether an employee may recover from his employer in a common law action for damage suffered from an occupational disease contracted in the course of his employment but the great weight of authority permits such recovery on proof that the employer knew, or should have known, that the hazard of disease existed in the employee's work in a manner neither apparent nor known to him, and that the employer neither gave him warning of the fact nor furnished recognized safeguards against the risk. See the annotation in 105 A. L. R. commencing at page 80, and particularly *Thompson* v. *United Laboratories Co.,* 221 Mass., 276, 108 N. E., 1042. The basis of recovery, in Massachusetts as generally in those jurisdictions where it is permitted, rests upon the application of principles thoroughly recognized and established in this Court.

Ample authority supports the principles that an employer, although not an insurer of his employees' safety, must use due care to furnish a reasonably safe place of work, *Elliott v. Sawyer,* 107 Me., 195, 77 A., 782; *Sheaf v. Huff,* 119 Me., 469, 111 A., 755; *Morey v. Maine Central Railroad Co.,* 127 Me., 190, 142 A., 585; and that when a hazard known to the employer and not to the employee is involved the duty rests on the former to warn the latter of the fact. *Welch v. Bath Iron Works,* 98 Me., 361, 57 A., 88; *Dirken v. Great Northern Paper Co.,* 110 Me., 374, 86 A., 320, Ann. Cas. 1914 D 396; *Kimball v. Clark,* 133 Me., 263, 177 A., 183. There seems to be no sound basis for distinction either between damage suffered by a particular happening or event and that which flows from impairment of health over an interval of time, or between a defect in machinery, appliances or a place of work and a dangerous quality in materials or instrumentalities required to be handled, and we would not hesitate to permit recovery for an occupational disease on proper proof that an employer had negligently failed to warn of a risk of disease known to him which was neither apparent nor known to his employee. We do not reach this issue in the instant case presently because the verdict must be set aside on the exceptions. It is clear that evidence improperly admitted may have been the basis for the factual finding of negligence on the part of the employer.

The evidence discloses that the plaintiff entered the employ of the defendant in April 1942, that he worked a short time wiring guns and was then transferred to a crew engaged in installing degaussing equipment. The dates are not all definitely set forth, but proof is ample that infection developed after the plaintiff had been engaged in such work less than two months, and that he appeared at the defendant's First Aid Room on June 27th, 1942. Two fellow employees engaged in the same kind of work suffered like infections at later times, and after longer periods. One declared that he contracted the rash 5 or 6 months after he commenced to handle degaussing

cables, but gave no date except that he entered the employ of the defendant in March 1942. Another said that it was "two months anyway" after he began to work on the cables before he was bothered with the infection, and that he first noticed it in March 1943.

During all the time pertinent to the present inquiry the defendant was engaged in the construction of naval craft for the United States Government, on which it was required to install the equipment in question, the exact nature and operation of which are not material. Armored cables and terminal boxes were involved, and plaintiff's work required him to strip the armor and insulation from a considerable length of cable and connect the several conductors enclosed within it to the terminals for which they were intended. In the stripping process a material known as halowax flaked off in considerable quantity, and for the purposes of this case it must be assumed that the contact of this material with plaintiff's skin and the failure to remove it by washing with sufficient frequency and a proper solvent led to the damage which plaintiff undoubtedly suffered.

The evidence makes it entirely clear that the defendant had no voice in the selection of the cables used but obtained them from the Navy Department of the Government on requisition. In the testimony offered on behalf of the plaintiff it appears that such cables were made by at least three companies, and that those produced by one of three that were named caused more trouble than those made by either of the others "where the wax does not flake out as easily."

Since the defendant had no part in the selection of the cables on which it caused the plaintiff to labor, there can be no basis for a claim of negligence on its part in the procurement thereof, nor does the declaration allege such negligence. The claims, as already noted, are that the nature of the poison was peculiarly within the knowledge of defendant (as also, by inference, its presence), and that there was failure in the duties

to warn of its presence and provide protection against its operation. The record presents no suggestion of proof that the defendant or any of its agents had such knowledge, either peculiar or actual, but the items of testim ony to which both the first and second exceptions relate were ffered in plaintiff's own testimony, as the bill of exceptions declares, to establish factually that the defendant did know, "or should have known." The first exception relates to the admission of testimony that fellow employees of the plaintiff, engaged in the same kind of work, suffered the same kind of infection. The second refers to opinion evidence which, according to a recital in the bill of exceptions, was designed to show that defendant should have had the knowledge in question at a time prior to that when "the plaintiff was directed to work on the cables."

Evidence of other events occurring at the same approximate time and under conditions substantially identical with those prevailing when the damages involved in litigation were suffered, and under some circumstances comparable events relating to times either prior or subsequent thereto, is admissible to prove that damage is traceable to a particular cause. *Crocker* v. *McGregor*, 76 Me., 282; *Thatcher* v. *Maine Central Railroad Co.*, 85 Me., 502, 27 A., 519; *Lynn* v. *Hooper*, 93 Me., 46, 44 A., 127; *Mitchell* v. *Bangor & Aroostook Railroad Co.*, 123 Me., 176, 122 A., 415. This principle was recognized in Massachusetts in *Shea* v. *Glendale Elastic Fabrics* Co., 162 Mass., 463, 38 N. E., 1123.

It seems almost self-evident that this principle could not be applicable to make evidence of events after an occurrence available to prove knowledge before it, and the employees whom the plaintiff declared became infected as he did, when testifying in his behalf, made it apparent that their own experiences were subsequent to his. Such experiences could not have given the defendant the knowledge requisite to serve the present cause at a time when action thereon would have safe-

guarded the plaintiff. The evidence to which the first exception relates was not admissible to prove such knowledge as would impose a duty to warn and although it would have been proper testimony to show that plaintiff's damage was traceable to halowax and the stated objection was general in terms, it should have been excluded in view of the very definite basis on which it was tendered.

The evidence to which the second exception relates was clearly inadmissible for any purpose. Plaintiff presented a dermatologist as an expert witness and qualified him to testify as to the disease from which plaintiff suffered, its history, the manner in which it might be contracted, and its treatment. This witness testified also as to the state of public and professional information upon the subject matter, and after declaration that the first published work on it which he saw personally appeared in the American Medical Association Journal in January 1943, he was asked if it should have been well recognized by any company dealing with or handling a cable of the type on which plaintiff worked. The question carried nothing more than inference that it related to a time prior to plaintiff's infection, but that inference is reasonably manifest from the preceding inquiry, answered affirmatively, as to whether the disease had been well known to the medical profession since 1918. The question as to whether any company handling degaussing cables should have recognized the danger that workmen might become infected from it was answered affirmatively after objection, and exception was noted and allowed.

This exception must be sustained. That opinion evidence is not ordinarily admissible requires no citation of authority. That the opinion of qualified experts within their chosen field does not come within this general rule of exclusion is likewise thoroughly established, but the exception here in question relates to evidence of an expert in a professional field testifying about his assumption or opinion relative to the state of public

knowledge concerning his specialty, rather than to the specialty itself. See *Caven* v. *Bodwell Granite Co.*, 97 Me., 381, 54 A., 851. The plaintiff cites us to *Illinois Steel Co.* v. *Fuller*, 23 N. E. 2d., 259, as supporting his claim that this evidence was properly admitted, but the evidence held admissible in that case was the opinion of the employee's attending physician, whose qualification as an expert was questioned, as to whether the disability for which recovery was sought was traceable to benzol poisoning. The decision contains no suggestion that opinion evidence such as that now under consideration would have been considered proper.

The third exception was to the denial of a motion for a directed verdict, but there is no occasion for consideration thereof, or of the motion for new trial which raises the same question, since the verdict must be set aside for errors in the admission of evidence.

*Exceptions sustained.*