**Irene SIMON**

v.

**TOWN OF KENNEBUNKPORT.**

Supreme Judicial Court of Maine.

Argued April 29, 1980.

Decided Aug. 6, 1980.

---

Smith, Elliott, Wood & Nelson, P. A., Terrence D. Garmey (orally), Saco, for plaintiff.

Wilson, Steinfeld, Murrell, Barton & Lane, Charles A. Lane (orally), Portland, for defendant.

Before McKUSICK, C. J., and WER-NICK, GODFREY, NICHOLS, GLASS-MAN and ROBERTS, JJ.

GLASSMAN, Justice.

On the morning of July 22, 1977, the appellant, Irene Simon, sustained a broken hip when she stumbled and fell while walking on a sidewalk along Ocean Avenue in Kennebunkport. The elderly woman filed a complaint under 23 M.R.S.A. § 3655 [1] against the appellee, Town of Kennebunkport (Town), alleging that her injury was proximately caused by a defect in the design or construction of the sidewalk. Following a trial in the Superior Court, York County, the jury determined by special verdict that no defect in the sidewalk had proximately caused the appellant to fall, and judgment was entered for the appellee. The appellant contends that the presiding Justice erred in excluding evidence, offered to establish the defective condition of the sidewalk, that during the two years prior to the accident many other persons stumbled or fell at the location. [2] We vacate the judgment.

Greg Quevillon and Anthony Cooper both operated businesses in the building in front of which the appellant fell. At trial Quevillon testified that the condition of the uneven, inclined sidewalk had not changed from the time it was constructed in 1974 or 1975 until the time of the accident in 1977. The appellant then attempted to elicit from this witness whether he had observed other persons fall at the location. The presiding Justice sustained the Town's objection, ruling that although the appellant could establish that the condition of the sidewalk had remained unchanged since its construction she could not offer evidence that other persons had fallen during this period. The

appellant then represented that "if permitted to testify both Mr. Quevillon and Mr. Cooper would state that they saw nearly one person a day fall on that particular sidewalk, and . . . evidence of prior fall[s] is admissible where it goes to show a defect." Later, referring to the proposed testimony of Cooper, the appellant stated:

My offer of proof is that if permitted to testify this witness would indicate that on similar conditions of weather, and under conditions where the road was identical to that, the condition of July 22, 1979 [sic] , he saw approximately 100 people stumble or fall on that particular portion of the roadway.

As a preliminary matter, the Town challenges the sufficiency of the appellant's offer of proof. M.R.Evid. 103(a)(2) provides that unless the expected proof was apparent from the context error can be predicated on a ruling excluding evidence only if the proponent made known to the court the substance of the proffer. *Id.; e. g., Banville v. Huckins*, Me., 407 A.2d 294, 298 (1979). This rule not only enables the trial court to reconsider its ruling but also ensures a basis for this Court to determine on appeal whether the ruling was erroneous. *E. g., State v. Rich*, Me., 395 A.2d 1123, 1130 (1978), *cert. denied*, 444 U.S. 854, 100 S.Ct. 110, 62 L.Ed.2d 71 (1980); R. Field & P. Murray, *Maine Evidence* § 103.4 (1976). In the instant case, the two offers of proof, considered together, constitute a sufficient record for the purpose of determining whether the presiding Justice committed prejudicial error in excluding the evidence of similar accidents.

■ In a negligence action, evidence of other similar accidents or occurrences may be relevant circumstantially to show a defective or dangerous condition, notice there-

---

1. Subject to several conditions precedent and a monetary limitation on recovery, 23 M.R.S.A. § 3655 grants a cause of action against municipalities for defects in public ways.

2. The Town filed a cross-appeal from the order of the presiding Justice denying its motion for a directed verdict on the ground that its municipal officers lacked the requisite actual notice of the defect required by 23 M.R.S.A. § 3655. The

Town has subsequently abandoned this cross-appeal. In any event, we are without jurisdiction because the cross-appeal was untimely. *See* M.R.Civ.P. 73(a), 76A(c); *see, e. g., Wood v. Wood*, Me., 407 A.2d 282, 283 n.1 (1979). No question is therefore presented on appeal concerning the appellant's compliance with the statute.

of or causation on the occasion in question. The absence of other accidents or occurrences may also be probative on these issues. *See generally,* C. McCormick, *Handbook of the Law of Evidence* § 200 (2d ed. E. Cleary 1972). Nevertheless, Maine courts, with only rare exceptions, traditionally excluded such evidence on the ground that it " 'tends to draw away the minds of the jury from the point in issue [(negligence of the defendant at the time and place of the accident)], and to excite prejudice, and mislead them; and, moreover, the adverse party, having no notice of such a course of evidence, is not prepared to rebut it.' " *Parker v. Portland Publishing Co.,* 69 Me. 173, 174 (1879), *quoting* 1 S. Greenleaf, *Evidence* § 52 (13th ed. J. May rev. 1876); *e. g., Torrey v. Congress Square Hotel Co.,* 145 Me. 234, 240–42, 75 A.2d 451, 456–57 (1950); *Stodder v. Coca-Cola Bottling Plants, Inc.,* 142 Me. 139, 144, 48 A.2d 622, 625 (1946); *Johnson v. Maine Central Railroad,* 141 Me. 38, 45–46, 38 A.2d 884, 887–88 (1944); *Bremner v. Inhabitants of Newcastle,* 83 Me. 415, 416, 22 A. 382, 382 (1891); *Branch v. Libbey,* 78 Me. 321, 322–23, 5 A. 71, 71–72 (1886) ("safety-history" evidence incompetent); *Moulton v. Scruton,* 39 Me. 287, 288 (1855). *But see Spence v. Bath Iron Works Corp.,* 140 Me. 287, 292–93, 37 A.2d 174, 176 (1944) (dictum); *Nadeau v. Perkins,* 135 Me. 215, 217–18, 193 A. 877, 878 (1937). *See also Thatcher v. Maine Central Railroad,* 85 Me. 502, 509–10, 27 A. 519, 522 (1893); *Crocker v. McGregor,* 76 Me. 282, 283–84 (1884).

The genesis of an inflexible rule excluding other-accident evidence is commonly believed to be the early Massachusetts case of *Collins v. Inhabitants of Dorchester,* 60 Mass. (6 Cush.) 396 (1850), which reasoned that such evidence was largely irrelevant, involved proof of collateral facts and engendered unfair surprise. *Id.* at 398. The overwhelming majority of jurisdictions, including Massachusetts, *see Robitaille v. Netoco Community Theatres of North Attleboro, Inc.,* 305 Mass. 265, 267–68, 25 N.E.2d 749, 750 (1940), have since either rejected or abandoned a positive rule of exclusion in favor of a standard of discretion. These courts hold that where the proponent can show that other accidents occurred under circumstances substantially similar to those prevailing at the time of the injury in question such evidence is admissible subject to exclusion by the trial court when the probative value of the evidence on the issues of defect, notice or causation is substantially outweighed by the danger of unfair prejudice or confusion of the issues or by consideration of undue delay. *See, e. g., P. B. Mutrie Motor Transportation, Inc. v. Interchemical Corp.,* 378 F.2d 447, 450–51 (1st Cir. 1967) (applying Massachusetts law); *Jones & Laughlin Steel Corp. v. Matherne,* 348 F.2d 394, 400–01 (5th Cir. 1965); *Roundtree v. Seaboard Coast Line Railroad,* 418 F.Supp. 220, 223 (M.D.Fla.1976) (reaching result under F.R.Evid. 403); *Kopfinger v. Grand Central Public Market,* 60 Cal.2d 852, 860, 389 P.2d 529, 534, 37 Cal.Rptr. 65, 70 (1964); *Warshaw v. Rockresorts, Inc.,* 57 Haw. 645, 652–55, 562 P.2d 428, 434–35 (1977); *Blood v. Allied Stores Corp.,* 62 Wash.2d 187, 189, 381 P.2d 742, 744 (1963). *See generally* 1 B. Jones, *The Law of Evidence* § 185 (5th ed. S. Gard rev. 1958); McCormick, *supra,* at § 200; 2 J. Wigmore, *Evidence* §§ 443–44 (J. Chadbourn rev. 1979); Annot., 70 A.L.R.2d 167 (1960) (collecting cases). *See also* Annot., 42 A.L.R.3d 780 (1972) (products liability actions).

A blanket rule of irrelevance is manifestly incompatible with modern principles of evidence. Although the introduction of other-accident evidence may carry with it the problems associated with inquiry into collateral matters, such evidence may also be highly probative on material issues of a negligence action, as illustrated by the instant case. Early cases failed to discern that admitting this evidence for its circumstantial force is not inconsistent with the fundamental principle that negligence liability is to be predicated on absence of due care under the circumstances at the time and place of injury. *See, e. g., Damren v. Trask,* 102 Me. 39, 46, 65 A. 513, 516 (1906). Although not rejecting prior case law, several later decisions of this Court appeared to eschew a *per se* rule as unnecessarily broad and to recognize that the similarity

requirement, together with the trial court's discretion, adequately safeguards the proper use of this evidence. *See Torrey v. Congress Square Hotel Co., supra,* 145 Me. at 242, 75 A.2d at 457; *Stodder v. Coca-Cola Bottling Plants, Inc., supra,* 142 Me. at 144, 48 A.2d at 625; *Spence v. Bath Iron Works Corp., supra,* 140 Me. at 292–93, 37 A.2d at 176 (evidence of similar accidents permitted to show causation) (dictum); *Nadeau v. Perkins, supra,* 135 Me. at 217–18, 193 A. at 878 (allowing other-accident evidence on issue of breach of statutory duty where relevant circumstances similar). *See generally* Field & Murray, *supra,* at § 403.4.

■■■ Whatever the continued vitality following these cases of an absolute prohibition against other-accident evidence, it is clear that such a rule did not survive the adoption of our new Rules of Evidence in 1976. Because the comprehensive reformulation does not specifically bar the use of this evidence, its admissibility must be determined by reference to the general provisions governing the admission of relevant evidence. M.R.Evid. 401 defines relevancy in terms of probative value and materiality.[3] With exceptions not here pertinent, M.R.Evid. 402 provides that all relevant evidence is admissible. Although relevant, evidence may nevertheless be excluded under M.R.Evid. 403 when the danger of unfair prejudice, confusion or undue delay is disproportionate to the value of the evidence. Under this formulation, therefore, when a party seeks to introduce evidence of other accidents over objection on the ground of irrelevance, M.R.Evid. 401 requires the presiding Justice to determine the relevancy of the evidence on the basis of whether there is a substantial similarity in the operative circumstances between the proffer and the case at bar and whether the evidence is probative on a material issue in the case.[4] He must then consider whether the probative value of such evidence is substantially outweighed by the countervailing considerations of M.R.Evid. 403. As with other determinations of admissibility involving the balancing of probative value against prejudicial effect, the admission of other-accident evidence is committed to the sound discretion of the presiding Justice.[5] *See, e. g., Towle v. Aube,* Me., 310 A.2d 259, 265 (1973).

■■■ In the case at bar, it is readily apparent that the ruling of the presiding Justice constituted an abuse of discretion which rose to the level of prejudicial error. Evidence that in the two years prior to the accident as many as one hundred persons stumbled or fell under similar circumstances at the same location, unchanged in condition, clearly satisfies the substantial-similarity foundational requirement and is highly probative on the material issue whether the sidewalk was in a defective condition at the time of the appellant's fall. *See, e. g., District of Columbia v. Armes,* 107 U.S. 519, 524–25, 2 S.Ct. 840, 844–46, 27 L.Ed. 618 (1882); *City of Lebanon v. Graves,* 178 Ky. 749, 758, 199 S.W. 1064, 1068 (1918). *See also Louisville & N.R. Co. v. Loesch,* 215 Ky. 452, 457, 284 S.W. 1097, 1100 (1926). As demonstrated by its prepared objection to the introduction of this evidence, the Town was well aware of the evidence before trial and therefore would not have been unfairly

---

3. Field & Murray, *supra,* at § 401.1. *But see* Advisers' Note, M.R.Evid. 401.

4. As part of this determination, the presiding Justice must examine the temporal relationship between the proffered evidence and the injury in the case at bar. For example, evidence that other accidents occurred after the injury in question may be relevant to show causation but is without probative force on the issue of notice. *Spence v. Bath Iron Works Corp., supra,* 140 Me. at 292–93, 37 A.2d at 176; *see* McCormick, *supra,* at § 200.

5. At a later stage of the trial, the Town offered evidence that the appellant's husband, who was walking directly in front of the appellant at the time of the accident, did not fall as tending to show the absence of a defect in the sidewalk. Over the appellant's objection, the presiding Justice admitted this evidence, ruling that, unlike the excluded evidence of prior falls, the "non-fall" evidence related to the immediate time frame of the accident. In view of our disposition of this appeal, we need not decide whether this ruling, assigned as an additional ground of error by the appellant, constituted an abuse of discretion and, if so, whether the error was harmless. *See* M.R.Evid. 103(a).

surprised by its admission. Because the evidence was to be offered through the personal observations of two witnesses, its introduction would not have consumed an inordinate amount of time or tended to confuse or excite the jury. The excluded evidence was crucial to the case of the appellant. The judgment of the Superior Court cannot stand.

The entry is:

Appeal sustained.

Judgment vacated.

Remanded to the Superior Court for further proceedings consistent with the opinion herein.

Costs allowed to appellant.

All concurring.