Michael MAROIS

v.

**PAPER CONVERTING
MACHINE COMPANY.**

Supreme Judicial Court of Maine.

Argued April 28, 1987.
Decided Feb. 18, 1988.

Maurice A. Libner (orally), McTeague, Libner, Reitman, Macadam & Case, Brunswick, for plaintiff.

William C. Nugent (orally), Hunt, Thompson & Bowie, Portland, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS[*], WATHEN,

[*] ROBERTS, J., sat at oral argument and took part in the initial conference but did not participate

GLASSMAN, SCOLNIK and CLIFFORD, JJ.

NICHOLS, Justice.

The Defendant, Paper Converting Machine Company, appeals from a judgment of the Superior Court (Kennebec County) entered upon a jury verdict, finding the Defendant liable for personal injuries sustained by the Plaintiff, Michael Marois, an employee of Statler Tissue Company, Augusta, while operating a paper rewinder manufactured by the Defendant. The Defendant contends that the Superior Court erred when it: (1) determined that there was sufficient evidence to allow the jury to find that the Defendant's machine was the proximate cause of the injury; (2) instructed the jury that the Defendant could be found liable despite the fact that the machine had been substantially modified by a third party; (3) instructed the jury that the Defendant had a duty to warn users of the machine's obvious or known hazards; (4) admitted evidence of other accidents, when such accidents were not substantially similar to the Plaintiff's accident; and (5) admitted evidence offered by the Plaintiff relating to other personal injury actions settled by the Defendant.

We affirm the judgment of the Superior Court.

The Plaintiff, an assistant machine operator for Statler Tissue, a paper manufacturer, seriously injured his hand while operating a paper rewinder manufactured by the Defendant. At the time of sale by the Defendant, the machine featured a "jog button" located near one-side of the machine to assist the operator in clearing the machine if it became jammed. Subsequent to the original sale, an additional "jog button" was added near the center of the machine, and it was this "jog button" that was being used by the Plaintiff at the time of his injury. In his complaint against the Defendant, the Plaintiff sought recovery for his injuries on the theories of negligence and strict liability. From judgment

further.

for the Plaintiff on both theories, the Defendant appeals.

■ Here, the Defendant first argues that the trial court erred in denying the Defendant's motion for a directed verdict for insufficient evidence of proximate causation. Although this motion had been made at the close of the Plaintiff's case in chief, it did not renew his motion at the close of all the evidence. This issue of sufficiency of the evidence, therefore, was not preserved for appellate review. *International Paper Co. v. State,* 248 A.2d 749, 752 (Me.1968); M.R.Civ.P. 50(a) and (b); 1 Field, McKusick & Wroth, *Maine Civil Practice* § 50.1 at 662 (1970).

■ Although the issue of proximate causation was not saved in the context of the sufficiency of the evidence argument, it does require discussion with respect to the asserted errors in the jury instructions. The essence of the Plaintiff's claim is that the defective product design used by the Defendant in manufacturing this "Series 150 Rewinder" made the machine unreasonably dangerous and caused the Plaintiff physical injuries. At trial and on appeal the treatment of the two theories, negligence and strict liability, is not always distinguished. The reason is that some of the elements often overlap, particularly the issues of proximate cause and a defendant's duty to warn. For both the negligence and strict liability theories it is essential that a plaintiff prove that the defective design or the failure to warn proximately caused the plaintiff's injuries. *See Stanley v. Schiavi Mobile Homes, Inc.,* 462 A.2d 1144, 1148 (Me.1983); *Wing v. Morse,* 300 A.2d 491 (Me.1973); *see also* W. Prosser and W. Keeton, *The Law of Torts* § 102 at 710–712 (5th ed. 1984). The proximate cause issue in the case at bar arises from the modification of this machine after it left the De-

fendant's control. The strict liability statute requires that the Plaintiff prove that the Defendant's defective product "... is expected to and does reach the user or consumer *without significant change* in the condition in which it is sold." 14 M.R.S.A. § 221 (1980) (emphasis added).[1] The Defendant contends that the addition of the second jog button to the machine, added by someone other than the Defendant after the Defendant sold the machine, was a significant modification causing the Plaintiff's injury and relieving the Defendant of liability.

The Defendant argues that the trial court improperly instructed the jury on this point. The jury was told that certain modifications of the manufacturer's product would not relieve the manufacturer of strict liability if those changes were reasonably foreseeable by the manufacturer. The Superior Court instructed the jury: "[I]f you find that Mr. Marois' injuries occurred solely as the result of unforeseeable modifications of the rewinder, Mr. Marois may not recover from this Defendant." The Court made clear that the manufacturer, here the Defendant, was not liable in strict liability if (1) it delivered a product in a safe condition, (2) subsequent modifications made it harmful by the time of its use, and (3) if the modifications were not reasonably foreseeable by the manufacturer. There was no error in this instruction.

This Court has not yet defined "significant change" as that phrase is used in section 221. The phrase "significant change" in section 221 mirrors the *Restatement (Second) of Torts* § 402A (1965), but the *Restatement* does not define the phrase. Decisions of other courts, however, do interpret the *Restatement* rule and are helpful in the development of our

1. The strict liability statute provides:
 One who sells any goods or products in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to a person whom the manufacturer, seller or supplier might reasonably have expected to use, consume or be affected by the goods, or to his property, if the seller is en-

 gaged in the business of selling such a product and it is expected to and does reach the user or consumer without significant change in the condition in which it is sold. This section applies although the seller has exercised all possible care in the preparation and sale of his product and the user or consumer has not bought the product from or entered into any contractual relation with the seller.

own law. *See Austin v. Raybestos–Manhattan, Inc.*, 471 A.2d 280, 284 (Me.1984).

We agree with those courts that do not regard a change in the manufacturer's product as significant unless the change relates to the *essential features* and to the safety of the product. *See Whitehead v. St. Joe Lead Co.*, 729 F.2d 238, 250 (3d Cir.1984) (applying New Jersey law); *Soler v. Castmaster, Div. of H.P.M. Corp.*, 98 N.J. 137, 484 A.2d 1225, 1230 (1984); *see also Hanlon v. Cyril Bath Co.*, 541 F.2d 343, 345 (3d Cir.1975) (applying Pennsylvania law).

■ Although the courts in other jurisdictions are not in entire agreement, we conclude that the best rule is that even if a substantive change is made in a product, the manufacturer will not be relieved of liability unless the change was an unforeseen and intervening proximate cause of the injury. *Michalko v. Cooke Color & Chemical Corp.*, 91 N.J. 386, 400, 451 A.2d 179, 186 (1982); *see also Saupitty v. Yazoo Mfg. Co.*, 726 F.2d 657, 659 (10th Cir.1984); *Love v. Deere and Co.*, 684 S.W.2d 70, 75 (Mo.App.1985). Accordingly, if the jury finds that the modification was, or should have been, foreseen and (a) is a contributing cause of the injury, or (b) enhances the injury, or (c) increases the likelihood of its occurrence, the manufacturer will not be relieved of liability.

We adopt this rule for several reasons. First, because the Legislature intended strict liability to be broader than negligence liability, *see Adams v. Buffalo Forge Co.*, 443 A.2d 932, 943 (Me.1982), the change required must be at least as significant a break in the chain of causation as that required in negligence. *See Johnson v. Dubois*, 256 A.2d 733, 734–35 (Me.1969); *see also George v. Guerette*, 306 A.2d 138 (Me.1973). Second, this rule requires that the manufacturer should be liable for modifications that were, or should have been, foreseen. This requirement is itself appropriate for three reasons: (1) the statute speaks in terms of the product reaching the user without "expected" significant change, 14 M.R.S.A. § 221 (1983), therefore, foreseeability is already a part of the

strict liability concept; (2) foreseeability has become an integral component of the test for intervening causes as that law has developed in Maine, *see Petersen's Case*, 138 Me. 289, 291–93, 25 A.2d 240, 241–42 (1942); *Hawkins v. Maine & New Hampshire Theaters Co.*, 132 Me. 1, 4, 164 A. 628, 629 (1933); (3) a majority of courts apply the "foreseeability" requirement in strict liability actions because, by reasonably extending a manufacturer's liability, it encourages safe product design. Finally, such a rule makes possible a simple and clear instruction to the jury when liability is grounded on both negligence and strict liability theories.

■ The second contention we address involves another objection to the causation instructions given the jury. The Defendant argues that the Superior Court erred by instructing the jury that a product may be unreasonably dangerous when the manufacturer fails to warn of the product's potential dangers, and that the manufacturer has a duty to warn of even obvious or known hazards when it is foreseeable that users of the product will proceed to encounter that hazard out of necessity, lack of a safe apparent alternative, or through momentary inadvertence.

We reject the Defendant's argument for the simple reason that the record does not support it. The Plaintiff testified on direct examination that, before his injury, he cleared the machine without incident, and did not feel the operation was risky. On cross-examination he acknowledged that he knew the nip point area, the space between two large rotating rollers, was dangerous but not that his hand might be drawn into it when clearing the machine. Thus, the jury could have rationally found that, although generally aware of the inherent danger of the operation, the specific danger of the machine's design and clearing process was not obvious to, or known by, the Plaintiff. In completing a special verdict form the jury unanimously found that the Plaintiff did not assume the risk of his injury and six jurors found that the Plaintiff was not negligent. This supports our conclusion that the jury found the danger

was not obvious or known, and leaves the Defendant without the factual premise necessary to support its contention.

The Defendant further argues that the trial court erred in admitting evidence of other injuries to operators working on the Defendant's paper processing machines and that the court's instructions were prejudicial. The Defendant underscores the "seriously prejudicial potential" of the evidence, and the inadequate foundation laid for its admission. Such a ruling on admissibility, of course, is reviewed only for abuse of the trial court's discretion. *Graybar Electric Co. v. Sawyer*, 485 A.2d 1384, 1387 (Me.1985).

In a negligence action evidence of other occurrences may be admissible to show: (a) the existence of a defective or dangerous condition, (b) notice thereof, or (c) causation on the occasion in question. *Simon v. Town of Kennebunkport*, 417 A.2d 982, 984–85 (Me.1980). This evidentiary rule also applies in strict liability cases to show: (1) the existence of a defective condition unreasonably dangerous to the user, and (2) causation. *See Rexrode v. American Laundry Press Co.*, 674 F.2d 826, 829 n. 9 (10th Cir.1982), *cert. denied* 459 U.S. 862, 103 S.Ct. 137, 74 L.Ed.2d 117 (1982); *see also* C. McCormick, *McCormick on Evidence* § 200 (3d Ed.) (1984).

█ Evidence of prior occurrences will be admitted only if the proffering party first lays a sufficient foundation of "substantial similarity of conditions" between the immediate and the prior happenings. *See Payson v. Bombardier, Ltd.*, 435 A.2d 411, 413 (Me.1981); *Simon v. Town of Kennebunkport*, 417 A.2d at 985. Once this foundation has been laid, admission of the evidence is appropriate unless it would confuse the jury, unnecessarily delay the trial, or be unfairly prejudicial. M.R.Evid. 403.

█ In this case the Defendant moved *in limine* and at trial to exclude the "other accident" evidence. The Defendant contends that the evidence lacked both relevance and a sufficient foundation. As the Superior Court observed, it cannot plausibly be argued that this evidence was not relevant, inasmuch as the prior occurrences involved other machine operators working on similar machines of the Defendant's manufacture. Further, the objection based on lack of foundation was properly overruled as premature. The motion was made at a time when the Plaintiff had not yet proffered the evidence of prior occurrences. *See Michaud v. Steckino*, 390 A.2d 524, 531–32 (Me.1978).

█ Subsequently, the Plaintiff offered evidence of seven lawsuits pending against the Defendant involving the same type of rewinding machines. The testimony established nothing more than the involvement of the Defendant's machines in the other occurrences. On the facts of this case, even such meager evidence was sufficient to establish that the Defendant knew, or should have known, the machine may have been unreasonably dangerous as designed and produced.

█ Once the evidence was duly admitted on the notice issue, any alleged weakness of the foundation should go to the weight to be given the evidence by the jury; any deficiency therein could have been exposed on cross-examination. *See State v. Bridges*, 413 A.2d 937, 942 (Me. 1980). Finally, when the Plaintiff actually proffered evidence of prior occurrences, the Defendant objected only on the ground of relevancy. The failure of the Defendant to make a contemporaneous objection that would apprise the court and the Plaintiff of the precise ground of the objection thwarted effective decision-making at trial, and precludes the Defendant's claim of error on appeal. *Michaud v. Steckino*, 390 A.2d at 531–32.

█ As a final argument the Defendant challenges the admission of interrogatory answers stating that several of the lawsuits had been settled by the Defendant. Although evidence of prior settlements was clearly inadmissible at this trial. *Thurston v. 3K Kamper Ko.*, 482 A.2d 837, 840 (Me. 1984), its admission here was not reversible error. Contemporaneously with the admission of this interrogatory, the Defendant merely renewed its earlier objection to the

evidence of prior occurrences, and thus only objected to relevancy. The failure of the Defendant to object at trial on the ground it now raises amounts to a waiver of that argument. *Justard v. Oxford Paper Co.*, 431 A.2d 1309, 1312 (Me.1981).

 Moreover, the evidence now challenged did not so compromise the fairness of the trial as to require the Superior Court to grant the Defendant's motion for a mistrial. A trial court has the discretion to determine the most appropriate remedy for evidence improperly admitted; here the Superior Court appropriately exercised its discretion by instructing the jury not to consider the interrogatory answers. *State v. Brown*, 410 A.2d 1033, 1037 (Me.1980); Field and Murray, *Maine Evidence*, § 103.3 (2d ed. 1987).

The entry is:

Judgment affirmed.

All concurring.