1999 ME 17

## Dan C. MOODY

v.

## HAYMARKET ASSOCIATES, et al.[1]

Supreme Judicial Court of Maine.

Argued Oct. 7, 1998.

Decided Jan. 28, 1999.

1. The other defendants are Sidney Epstein, Fransway Realty Trust, Kenneth Kurson and Newell Kurson. At the end of plaintiff's case, the court granted defendants' motion for judgment as a matter of law pursuant to M.R.Civ.P. 50 in favor of defendants Fransway Realty Trust and Kenneth and Newell Kurson.

Joseph M. Jabar, Daviau, Jabar & Batten, Waterville, ME, for plaintiff.

John B. Lucy, Frederick J. Badger, Jr., Richardson, Whitman, Large & Badger, Bangor, ME, for defendants.

Before WATHEN, C.J., and CLIFFORD, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

WATHEN, C.J.

[¶ 1] Plaintiff Dan C. Moody appeals from a judgment entered in the Superior Court (Penobscot County, *Kravchuk, C.J.*) after a jury verdict in favor of defendants Haymarket Associates and Sidney Epstein, on his negligence claim. Plaintiff argues that the court abused its discretion in allowing irrelevant and prejudicial evidence of the absence of other accidents. We agree and vacate.

[¶ 2] The facts may be summarized as follows: Plaintiff Dan C. Moody filed a complaint for injuries sustained when he fell in front of the elevator in the lobby of the Key Plaza office building in downtown Bangor. The complaint alleged that defendants negligently maintained said premises. An expedited pretrial order was entered, which provided in part that plaintiff designate any expert witnesses within 60 days of the order, i.e. October 3, 1995. On November 15, 1995, pursuant to M.R.Civ.P. 16(h), defendants filed a motion to exclude expert witnesses by plaintiff for failure to designate witnesses pursuant to the pretrial order, which the court denied, ordering instead that plaintiff would be limited to one expert for each of the agreed upon topics of expert testimony. Subsequently, plaintiff filed a motion to amend the pretrial order and for leave of court to allow an additional expert to be designated, which the court denied.

[¶ 3] A jury trial was held in December of 1997 and the jury unanimously responded "no" to the special interrogatory: "Were the Defendants, Haymarket Associates and Sidney Epstein negligent and was their negligence a proximate cause of the accident?" Judgment was entered in favor of defendants Haymarket Associates and Sidney Epstein. Plaintiff filed a motion for a new trial, which the court denied. Plaintiff appeals.

[¶ 4] Plaintiff argues that the court erred in admitting into evidence testimony concerning the absence of previous accidents. We review the court's evidentiary ruling for an abuse of discretion. *See Simon v. Town of Kennebunkport,* 417 A.2d 982, 986 (Me. 1980). In a negligence action, evidence of similar accidents or occurrences, or the absence thereof, may be relevant circumstantially to determine whether a defective or dangerous condition, notice thereof, or causation existed on the occasion in question. *See id.* at 984–85. Initially, however, the court must determine whether the evidence is relevant: "M.R.Evid. 401 requires the presiding Justice to determine the relevancy of the evidence on the basis of whether there is a substantial similarity in the operative circumstances between the proffer and the case at bar and whether the evidence is probative on a material issue in the case." *Id.* at 986 (footnote omitted). Second, even if the evidence is relevant, the court "must then con-

sider whether the probative value of such evidence is substantially outweighed by the countervailing considerations of M.R.Evid. 403," that is, the danger of unfair prejudice, confusion of the issue, or undue delay. *Id.* at 986.

[¶ 5] Plaintiff objected to the admission of any evidence of the absence of other accidents as irrelevant. Before the trial began, plaintiff made clear through counsel that he was abandoning his negligent supervision of maintenance claim and that he did not assert any claim of a recurring condition or preexisting dangerous condition. Accordingly, the only issue for trial was whether, on the particular occasion in question, the janitor mopped the floor, failed to put out a caution sign, and failed to put the mats back down. Plaintiff therefore argued that the evidence of defendants' accident record was not relevant because of the absence of substantial similarity in the operative circumstances.

[¶ 6] In overruling the objection, the court concluded that the absence of prior accidents was relevant and was not unfairly prejudicial to plaintiff. *See* M.R.Evid. 403. We determine that the court erred. While the existence or absence of prior accidents may be relevant on issues of notice, recurring conditions, causation, or supervision of maintenance, evidence of defendants' accident-free record was not relevant to the very narrow issue of whether the janitor acted in a particular way on the day in question. Simply put, because of the narrow issue before the jury, the absence of other accidents in the lobby did not present information about substantially similar circumstances. In effect, plaintiff limited his claim to an assertion that the events in question were unique and resulted in his injury. Because defendants offered no other reason for the admission of the accident history, the court erred in admitting it.[2]

[¶ 7] Moreover, even if the evidence had some marginal relevance, evidence of defendants' accident-free record was prejudicial to plaintiffs claim in this case. This is particularly true where defendants presented evidence of an accident-free record for a period of 10 years prior to the date of *trial.* The fall under consideration by the jury occurred in February of 1991. The trial was not held until December of 1997. On the narrow issue of what the janitor did on the date in question, the jury was permitted to consider evidence of lack of accidents for years before and after the date of the alleged negligence. We conclude, therefore, that the evidence was unfairly prejudicial because the jury was allowed to make its decision on an improper basis.

[¶ 8] Plaintiff also argues that the court erred in granting sanctions for his failure to timely file his list of expert witnesses pursuant to M.R.Civ.P. 16(h). A trial court is invested with considerable discretion in regard to determining sanctions and "we will not lightly overrule the court's choice of an appropriate sanction in a given situation." *Terjelian v. Concord Group Ins. Co.,* 606 A.2d 197, 198 (Me.1992). The sanctions granted in this case were within the discretion of the court pursuant to M.R.Civ.P. 16(h) and were tailored to fit plaintiff's noncompliance. Therefore, we will not overrule the court's choice of sanctions.

The entry is:

Judgment vacated. Remanded for further proceedings consistent with this opinion.

---

2. Although limited evidence of accident history regarding the particular lobby at issue may have been relevant on the issue of habit or routine, defendant made no such offer of proof here, and the janitor conceded that he may have been mopping outside of his routine: "I can't say if I was mopping it, or if I had just finished mopping it."