BEULAH M. STODDER *vs*. COCA-COLA BOTTLING PLANTS, INC.

Sagadahoc.    Opinion, July 26, 1946.

*Edward W. Bridgham,*

*Harold J. Rubin,* for the plaintiff.

*John P. Carey,*

*Locke, Campbell, Reid & Hebert,* for the defendant.

SITTING: STURGIS, C. J., HUDSON, MURCHIE, TOMPKINS, FELLOWS, JJ.

FELLOWS, J. This is an action of negligence brought by *Beulah M. Stodder* v. *Coca-Cola Bottling Plants, Inc.* There was a verdict for the plaintiff in the sum of $1,444.46. The case comes to the Law Court on defendant's exceptions, and motion for new trial.

The plaintiff, Beulah M. Stodder, on July 24, 1944, operated a small restaurant in Bath, Maine, where she sold sandwiches, ice cream, and soft drinks. On that day the plaintiff purchased from the defendant two cases of Coca-Cola and these were delivered to her by an employee of the defendant. The day was warm, and the bottles had been carried by truck from Lewiston to Bath.

The driver carried the cases of Coca-Cola from the truck into the plaintiff's restaurant and placed them on the floor. After the driver left, the plaintiff took out a bottle of Coca-Cola to place the same in the cooler for refrigeration. While she was transferring the bottle, the bottle burst, causing injuries to the plaintiff's hand.

The plaintiff claimed that she did not strike the bottle against any hard object, and insists that the cause of the explosion must have been over carbonation. The plaintiff and also an employee testified, over objections of the defendant, that three weeks before, two bottles of Coca-Cola had exploded in her store.

The allegations in the declaration were that the defendant

"so carelessly, negligently and wantonly caused said 'Coca-Cola' to be bottled with such an excessive amount of carbonation that when the plaintiff attempted to take hold of one of the aforesaid bottles of 'Coca-Cola' which she had purchased from the said defendant, the said bottle exploded by reason of the excessive amount of carbonation inserted therein by the defendant's servants and agents."

The allegation of negligence in the declaration, is excessive carbonation. The declaration makes no claim of any crack or other defect in the bottle. There is no general count for negligence.

It is well known that Coca-Cola and other "soft drinks" consist of syrup placed in a bottle into which is poured water containing carbonic acid gas. The bottle is then capped. The gas makes a sparkling drink, when the contents of the bottle are taken out. While the product is confined in the bottle there is necessarily a greater or lesser degree of pressure.

There was no evidence of negligence submitted by the plaintiff beyond the breaking of the bottle, and the fact, strenuously objected to, and to which exception was taken, that on a date three weeks previously another bottle, or two other bottles, which she bought of the defendant, had broken in her restaurant without apparent cause. The bottle was a standard bottle and there was no evidence of negligence in the defendant's plant where the bottling was done. The plaintiff relies on the doctrine of *res ipsa loquitur* to make a prima facie case.

The defendant showed that a carbonated and palatable beverage has an internal bottle pressure of from 30 to 45 pounds per square inch. If the pressure is under 30, the drink is flat and insipid; if it is over 45, it is sharp and disagreeable. Hourly tests are therefore made to keep the pressure between 30 to 45 pounds. When filling a bottle, if the pressure becomes excessive, the contents are likely to foam out before the bottle can be capped, or, if capped, the cap will undoubtedly leak and permit the gas to

escape. From experiments made with standard Coca-Cola bottles, the tensile strength of the glass will ordinarily withstand a pressure of 500 pounds. The bottle was not made by the defendant, but was purchased as a standard Coca-Cola bottle from a reputable manufacturer.

In actions for negligence it is the general rule that a person asserting negligence, or other wrong, has the burden of proof. It is also the general rule that the mere fact of injury does not indicate negligence on the part of anyone. Sometimes, however, slight proof is sufficient to raise a presumption of negligence, and the burden is thus cast upon the other party to explain. Thus a prima facie case is made out where it appears that an accident occurred to the plaintiff, without fault on his part, while he was a passenger of a common carrier, by reason of the failure of the machinery or other means provided by the defendant for transportation, *Stevens* v. *E. & N. A. Railway*, 66 Me., 74; or, where an automobile and the operation thereof are within the control of the defendant, an accident may be prima facie evidence of negligence on the part of the defendant. *Chaisson* v. *Williams*, 130 Me., 341, 156 A., 154.

The maxim of *res ipsa loquitur* "the thing itself speaks" might, in practice, be translated, "the accident spells negligence." It does not dispense with the requirement that the one who alleges negligence must prove it. It is a rule of evidence that relates to the mode of proof. It is applicable, where there has been an unexplained accident, and the instrument that caused the injury was under the management or control of the defendant, and in the ordinary course of events the accident would not have happened if the defendant had used due care. The unexplained circumstances may, in a particular case, warrant an inference of negligence. The inference can be rebutted by the defendant upon showing how the accident actually happened, and that it was not defendant's fault, or by showing that the defendant had done his full duty in trying to guard against it. *A. & P. Co.* v. *Kennebec Water Dist.*, 140 Me., 166, 34 A., 2d, 729. There must be negli-

gence. The defendant is not an insurer. *Edwards* v. *Power and Light Co.*, 128 Me., 207, 146 A., 700.

It must not be a question of conjecture. The circumstances of the accident must indicate negligence. *Nichols* v. *Kobratz,* 139 Me., 258, 29 A., 2d, 161; *Winslow* v. *Tibbetts,* 131 Me., 318, 162 A., 785. If there are several reasons why the accident may have happened, for some of which the defendant would be liable, and others for which defendant would not be liable, the jury is not at liberty to guess which reason caused the accident. *Deojay* v. *Lyford,* 139 Me., 234, 29 A., 2d, 111. Where, in a negligence case there are two or more possible causes and the true cause is conjectural, "the Court cannot, and the jury should not, select." *McTaggart* v. *Railroad Co.*, 100 Me., 223, 60 A., 1027.

In this case the instrumentality, viz., the Coca-Cola bottle, was not, at the time of the accident, in the possession of the defendant or under the defendant's control. It was in the possession and control of the plaintiff. The plaintiff contends that it should be considered as in control of the defendant, because it had so recently been in the possession of the driver of defendant's truck and there had been no change in circumstances. If the rule, that the instrument should be in the control of defendant, can be changed "for a few minutes," why not for a longer period?

The facts in this case also indicate that the breaking might have been from any one of several causes, such as "over carbonation," as claimed; a bottle "partially broken"; a bottle injured by striking or being struck by a hard object; excessive shaking on a hot day; some latent and not discoverable defect for which no one would be responsible, or, an "accident for which there is no adequate explanation." *A. & P. Co.*, v. *Kennebec Water Dist.*, supra, 140 Me., 166, 34 A., 2d, 729.

We hold that evidence of the breaking of a bottle, after the bottle has left the control of defendant, and without proof of any other circumstance indicating failure on the part of the defendant to use due care, is not sufficient to make a prima facie case of negligence.

This leads us to a consideration of the defendant's exception relative to evidence admitted of previous explosions. The plaintiff and an employee testified, under objection, that plaintiff had purchased from the defendant, three weeks before the accident, several cases of Coca-Cola, and that for some unknown cause two of the bottles were found broken in the cases on the floor. What had happened to the bottles previously, if anything, or under what circumstances the breaking occurred, was not shown. Witnesses testified to hearing the noise of an explosion or breaking in the room where the cases were kept, and, on going to investigate, found pieces of glass and contents "all over the floor." This evidence was not admissible. The question for determination was whether the defendant was negligent at this time,—not at some earlier time and perhaps under different conditions. Previous happenings, or previous omissions of duty, if there were omissions, do not prove negligence. "If evidence of this character is receivable, contradictory proofs would be admissible, and there would be as many collateral issues as there were collateral facts and witnesses testifying to them." *Parker* v. *Portland Publishing Co.*, 69 Me., 173, 174; *Damren* v. *Trask*, 102 Me., 39, 65 A., 513.

The precise question here involved has never been decided in Maine, and the plaintiff urges us to adopt the rule of some southern states which apparently holds that the doctrine of *res ipsa loquitur* may not be applicable to the bursting of a single bottle, but with other evidence of other explosions, a case is presented sufficient to go to the jury. We feel, in holding as we do, that *res ipsa loquitur* does not apply where the only circumstance shown is the bursting of a bottle while in the plaintiff's possession or control, and, in holding evidence of other explosions at other and earlier times is not admissible, that we are following the law of Maine as carefully considered in previous decisions of this Court relative to the *res ipsa* rule and relative to inadmissible testimony. We see no reason to change.

For discussion of this form of the *res ipsa* rule, in vogue only in a few jurisdictions, see *Dail* v. *Taylor*, 151 N. C., 287; 66 S. E., 135,

28 L. R. A. N. S., 949; *Cashwell* v. *Fayetteville Pepsi Cola Bottling Co.*, 174 N. C., 324; 93 S. E., 901; *Grant v. Graham Chero-Cola Bottling Co.*, 176 N. C., 256; 97 S. E., 27, 4 A. L. R., 1090; *Winfree* v. *Coca-Cola Bottling Co.*, Tenn., 83 S.W. (2nd), 903; and see decisions under Civil Code of Georgia, *Payne* v. *Rome Coca-Cola Bottling Co.*, 10 Ga., App. 762, 73 S. E., 1087; *Macon Coca-Cola Bottling Co.* v. *Crane*, Ga., 190 S. E., 879; and *Stolle Aplt.* v. *Anheuser-Busch*, Mo., 271 S. W., 497; 39 A. L. R., 1001. See also 22 Am. Jur. 214 "Explosions" Sec. 97. We have examined the record with care, and had the North Carolina rule been adopted in this State it would not have availed the plaintiff in this action, for the reason that the defendant produced evidence which, in our opinion, fully rebutted any possible inference of negligence. Undoubtedly the jury permitted sympathy for an injured plaintiff to outweigh legal proof.

It is not necessary to discuss the other exceptions of the defendant, including exceptions to refusal to direct a verdict and exceptions to certain portions of the charge, as they necessarily involve the propositions already discussed.

*Motion for new trial sustained.*
*Exceptions sustained.*