Grafton,
Dec. 2, 1952. } No. 4152.

WILLIAM C. SMITH

*v.*

COCA COLA BOTTLING CO.

*Frederic W. Harrington, Jr.* and *Francis P. Edes* (*Mr. Harrington* orally), for the plaintiff.

*Nighswander & Lord* and *Hugh H. Bownes* (*Mr. Bownes* orally), for the defendant.

LAMPRON, J.   The conditions usually stated as necessary for the

application of the principle of *res ipsa loquitur* are: (1) the accident must be of a kind which ordinarily does not occur in the absence of someone's negligence; (2) it must be caused by an agency or instrumentality within the exclusive control of the defendant; (3) it must not have been due to any voluntary action or contribution on the part of the plaintiff. Prosser on Torts, *p.* 293. See *Foss* v. *Baker,* 62 N. H. 247, 249; *Boucher* v. *Railroad,* 76 N. H. 91, 95; *McCourt* v. *Travers,* 87 N. H. 185, 186; anno. 4 A. L. R. (2d) 466, 467.

This doctrine does not do away with the well established rules of law that a person asserting negligence has the burden of proof and that the mere fact of injury does not indicate negligence on the part of anyone. It is merely a rule of evidence relating to the mode of proof and not a substantive rule of law. *Worster* v. *Caylor,* 106 N. E. (2d) 108, 112 [1952]. It is nothing more than a case of circumstantial evidence where plaintiff has proved enough to "get to the jury." *United States* v. *Hull,* 195 F. (2d) 64, 66. See anno. 167 A. L. R. 658, 659. In other words when the doctrine applies proof of the circumstances attending the accident is sufficient to justify the submission of the question of defendant's negligence to the jury and to warrant, but not compel, a finding by them of negligence on the part of the defendant. *Boucher* v. *Railroad, supra; Worster* v. *Caylor, supra.* See anno. 53 A. L. R. 1494 and 167 A. L. R. 658, 659.

However, where as in the instant case, the bottle which exploded was in the case which the plaintiff was in the process of removing from the defendant's truck, it is our opinion that the doctrine of *res ipsa loquitur* does not apply. The reason is that the plaintiff's activity could have caused or contributed to cause the injury and there cannot therefore be an inference of causal negligence on the part of the defendant from the mere proof of the attending circumstances because they are equally consistent with the absence as with the existence of negligence on the part of defendant. Consequently the basis of the doctrine, viz: that the accident is the type which in the ordinary course of things does not happen if those who have the management use proper care is no longer existent. *Boucher* v. *Railroad, supra; Bell* v. *Express Co.,* 84 N. H. 273; *Dade* v. *Railroad,* 92 N. H. 294, 298; *Stodder* v. *Coca-Cola Inc.,* 142 Me. 139.

In arriving at this conclusion we are not unmindful of the so-called Georgia Rule (*Payne* v. *Rome Coca-Cola Co.,* 10 Ga. App.

762) followed in many jurisdictions in this type of case. Under this rule even if the instrumentality has left the control of the defendant the doctrine still applies if the plaintiff can show that the bottle was handled with ordinary care by all persons touching it after it left the manufacturer's hands and that its condition has undergone no change. See cases collected in annotation 4 A. L. R. (2d) 466, 472. We are of the opinion that when the instrumentality is no longer in the exclusive control of the defendant and where someone else's negligence may cause or contribute to cause the accident the reason for the doctrine of *res ipsa loquitur* is no longer present.

*Exception overruled.*

All concurred.