United States Court of Appeals
For the First Circuit,
No. 5927.

E. ALLISON FORD

*v.*

BLACK MOUNTAIN TRAMWAYS.

November 28, 1969.

*Nighswander, Lord & Martin* and *David J. KillKelley* (*Mr. KillKelley* orally), for the plaintiff.

*Sheehan, Phinney, Bass & Green* and *E. Paul Kelly* (*Mr. Kelly* orally), for the defendant.

KENISON, C.J. Certification of questions of law by the United States Court of Appeals For the First Circuit to this court as to the interpretation and effect of statute (RSA 225-A:26 (supp); Laws 1965, 241:2) pursuant to Rule 21 of the Supreme Court of New Hampshire which is the Uniform Certification of Questions of Law Rule. RSA 490:App. R.21.

The plaintiff, a citizen of New York, brought in the District Court for the District of New Hampshire a diversity action for injuries allegedly caused by defendant's negligent operation and maintenance of a double chair ski lift on Black Mountain in Jackson, New Hampshire. The District Court dismissed plaintiff's action because of the conceded failure to give the 60-day notice specified in RSA 225-A:26 II (supp); Laws 1965, 241:2

and the plaintiff appealed. That statute reads as follows: "II. No action shall be maintained against any operator for injuries to any skier unless the same is commenced within one year of the time of injury provided, however, that as a condition precedent thereof the operator shall be notified by registered or certified mail within sixty days of said injury *as to the alleged violation of this chapter* . . . ." (emphasis supplied).

Said section 26 further provides in subsection I: "Unless an operator is in violation of this chapter or the regulations of the board, which violation is causal of the injury complained of, no action shall lie against any operator by any skier or representative thereof; *this prohibition shall not, however, prevent the maintenance of an action against an operator for negligent construction or maintenance of the passenger tramway itself* or any building within the area . . . ." (emphasis supplied).

The principal issue presented in the certification is quoted: "Plaintiff claims that he may maintain an action for common law negligent maintenance and construction according to the subsection I proviso, and that for such a claim no notice is required, since subsection II applies only when a 'violation of this chapter' is alleged."

Although skiing has come of age and its increased availability and popularity has produced considerable ski area litigation, it may be noted as a preliminary matter that no case in this or any other jurisdiction has dealt with the statutory construction issue involved in this case. See Gaines, Skiing Accident Litigation, 15 Am. Jur. Trials 147 (1968); Wells, Liability of Ski Area Operators, 41 Denver L.C.J. 1 (1964); Annot. 94 A.L.R.2d 1431. As the District Court observed this case is one "where the construction of a peculiarly local and relatively undefined state statute is involved."

The defendant first contends that the statute (RSA 225-A:26 (supp); Laws 1965, 241:2) governs in any action against any operator by any skier. This contention was advanced and rejected in *Adie* v. *Temple Mt. Ski Area,* 108 N. H. 480. The defendant also argues that the Legislature did not intend to retain a common law cause of action for the negligent construction or maintenance of a passenger tramway and that such a cause of action should be controlled by the limitations of section 26 of the statute. The greatest difficulty with this argument is that such an interpretation would make meaningless the second clause

of subsection I, RSA 225-A:26 I (supp); Laws 1965, 241:2. That second clause, previously quoted and underlined, specifically states that it does not ". . . prevent the maintenance of an action against an operator for negligent construction or maintenance of the passenger tramway itself . . . ." This indicates legislative distinction between actions based on violations of RSA ch. 225-A or the rules and regulations thereunder on the one hand and common law actions for negligence on the other hand when the negligence relates to the construction or maintenance of a passenger tramway or any building within the area.

While the rules and regulations do set standards for the construction, maintenance and operation of passenger tramways, these provisions do not necessarily constitute the only duties owed to a skier by an operator. This is made clear in several sections of RSA ch. 225-A. Thus RSA 225-A:1 provides that the "primary responsibility for design, construction, maintenance and inspection rests with the operators of such passenger tramway devices." Also RSA 225-A:10-a provides that operators shall not be relieved of this primary responsibility by the fact that the Department of Safety has made recommendations relative to the safety and layout of the equipment. RSA 225-A:19 provides that the authority may issue orders to go beyond its rules and regulations if corrective action is necessary. When, as in the present case, the action is for common law negligence for the negligent construction and maintenance of the passenger tramway itself it is not an action for the violation of RSA ch. 225-A or the rules or regulations issued thereunder. The standard of due care remains regardless of the rules and regulations. *Calley* v. *Railroad,* 93 N. H. 359, 363; *Howe* v. *Jameson,* 91 N. H. 55, 57; *White Mountain Power Co.* v. *Whitaker,* 106 N. H. 436, 440.

Plaintiff's action for common law negligent maintenance and construction may be maintained according to the subsection I proviso of RSA 225-A:26 (supp) because the statute specifically allows it. The 60-day notice requirement under subsection II thereof applies only when "a violation of this chapter" is alleged which is not this case. Consequently the plaintiff may maintain his action. See *Adie* v. *Temple Mt. Ski Area,* 108 N. H. 480. The defendant's claim that as to any matter covered by the rules or regulations published by the New Hampshire Department of Safety, common law rights have been eliminated is rejected as

applied to the plaintiff's common law action in this case.

*Remanded.*

LAMPRON, J., did not sit; the others concurred.