Grafton
No. 82-216

KIM I. MCKINLEY

v.

PETER ERIC CUMMINGS

May 6, 1983

*Ray & Hopkins P.A.*, of Plymouth (*Eric W. Janson* on the brief), by brief for the plaintiff.

*Louis P. Faustini*, of Goffstown (*Eleanor S. Krasnow* on the brief), by brief for the defendant.

## MEMORANDUM OPINION

This is an appeal from the Superior Court's (*Johnson*, J.) denial of a motion for double damages pursuant to a new statute, Laws 1981, 543:6 (now codified at RSA 265:89-a), which provides that a defendant in a civil action arising from an accident resulting in his conviction for driving while intoxicated for a second or subsequent offense within a seven-year period is liable for double damages. The new

statute was effective at the time of the trial, but was not in effect at the time either of the accident or of the filing of the plaintiff's writ. We affirm.

On August 9, 1980, while driving his vehicle in Bristol, Peter Eric Cummings, the defendant, ran over the plaintiff, Kim McKinley, a pedestrian. The plaintiff suffered a severe head injury as a result of the accident. After the accident, the defendant was charged with the second offense of driving while intoxicated, was found guilty, and was fined $500 in Bristol Municipal Court. The plaintiff filed a writ in Grafton County Superior Court in September 1980, alleging that the defendant was negligent, based on speeding and driving while intoxicated, and on November 4, 1981, the jury found against the defendant in the amount of $4,700. The plaintiff then filed a motion on November 13, 1981, seeking double damages pursuant to Laws 1981, 543:6 (now codified at RSA 265:89-a), which became effective on August 29, 1981. *See* Laws 1981, 543:13. This motion was denied without a hearing, based on the court's ruling that the statute should be construed as nonretroactive. The plaintiff appealed.

██ ██ The modification of the amount of damages recoverable by providing for double damages pursuant to Laws 1981, 543:6, does not merely "supplement the existing remedy" such as in cases where a statute provides for court costs and attorney fees. *See Liberty Mut. Ins. Co. v. Home Ins. Indem. Co.*, 117 N.H. 269, 271, 371 A.2d 1171, 1173 (1977). The defendant's liability is significantly increased, which is a change of a substantive nature. Absent an expression of such a legislative intent, we will not construe statutes affecting substantive rights and liabilities as applying retrospectively. *LaBarre v. Daneault*, 123 N.H. 267, 272, 461 A.2d 89, 92–93 (1983); *Mihoy v. Proulx*, 113 N.H. 698, 701, 313 A.2d 723, 725 (1973). Accordingly, we affirm.

*Affirmed.*