Carroll
No. 84-230

LAWRENCE COWAN & a.

v.

TYROLEAN SKI AREA, INC.

December 4, 1985

*Ouellette, Hallisey, Dibble & Tanguay P.A.*, of Dover (*Stephen H. Roberts* and *Raymond R. Ouellette* on the brief, and *Mr. Roberts* orally), for the plaintiffs.

*Devine, Millimet, Stahl & Branch P.A.*, of Manchester (*Eileen Fox* and *Joseph M. McDonough, III*, on the brief, and *Ms. Fox* orally), for the defendant.

SOUTER, J. The plaintiffs, husband and wife, brought actions for personal injury and loss of consortium resulting from an accident on the defendant's chairlift. They appeal the judgment entered on a verdict for the defendant. We reverse and remand.

The plaintiffs boarded the chairlift at defendant's ski area on January 15, 1977. After their chair had gone a short distance up the mountain, the lift stopped and the chairs rolled back. As they did, the bottom of the husband's skis allegedly caught in the snow, causing hyperextension and rotation of his knees, which resulted in permanent injury.

In the actions now before us the plaintiffs pleaded counts in common law negligent operation and violation of statutory standards of operation, maintenance and control imposed by RSA chapter 225-A.

At the trial, which resulted in a verdict for the defendant, the plaintiffs presented evidence that the lift rolled back despite three separate breaking mechanisms. They asserted that the first two devices failed due to improper adjustment and maintenance, and that the third manual brake failed because of the lift attendant's negligence. The defendant offered evidence that the accident was caused by "a sudden unheralded failure" of the machinery, resulting neither from negligence nor from statutory violation.

■■ In this appeal, the plaintiffs present four assignments of error by the Superior Court (*Wyman*, J.). First, they point to a jury instruction on "pure accident." We have recently held that "it is reversible error . . . to give an instruction on pure or unavoidable accident," *Dyer v. Herb Prout & Company, Inc.*, 126 N.H. 763, 766, 498 A.2d 715, 717 (1985), and we would reverse and remand on this ground alone.

Although this ruling is dispositive of the case, we will address the defendant's other issues, which are likely to arise again in this or other cases. *See Ives v. Manchester Subaru*, 126 N.H. 796, 498 A.2d 297 (1985). We therefore proceed and find further reversible error in the failure of the trial court to give adequate instruction to the jury on the standards imposed by RSA chapter 225-A, regulating passenger tramways, including ski lifts. The trial judge merely charged the jury that no action would lie against the operator of a tramway except for a causal "violation of [the] chapter or the rules of the [tramway safety] board" or for common law negligence in the maintenance of the tramway. *See* RSA 225-A:26, I (now RSA 225-A:25, I (Supp. 1983)). (Because this case arose in 1977 before the 1978 amendment, we will apply the 1977 version of RSA 225-A:26, which was then in effect.) The judge then left it to the jury to examine a 50-page pamphlet quoting the statute and rules, to determine which of them might be relevant in the light of the evidence.

By refusing to say more, the judge failed to fulfill the court's "duty . . . to instruct the jury [fully and correctly] as to the law applicable to the case and . . . to phrase his instructions [so] that it is reasonably certain that the jury under[stands] them." *Wadsworth v. Russell*, 108 N.H. 1, 6, 226 A.2d 492, 496 (1967). It was the judge's duty to identify and explain any relevant portions of the statute and rules, and the failure to do so calls for a new trial.

We believe that the remaining two assignments of error lack merit, however. The plaintiffs excepted to the judge's refusal to give the following instruction on *res ipsa loquitur*.

"You must find for the plaintiff if you find that:
a. The accident is of the kind of which ordinarily would not occur in the absence of someone's negligence.

b. The ski lift is under the exclusive control of the defendant, and on this issue you are instructed that the statute requires that the lift be, and the evidence discloses that the lift was, under the exclusive control of the defendant.

c. The evidence has sufficiently eliminated any other responsible cause for the accident.

*Rowe v. Public Service Co.*, 115 N.H. 397."

■■ The judge was correct in refusing to give this requested instruction, for two reasons. First, it erroneously stated that if the three conditions were met, the jury "must" find for the plaintiff. Where it is applicable, however, the rule of *res ipsa* does not require a plaintiff's verdict; it is merely a rule identifying the elements of circumstantial evidence that are sufficient to get a plaintiff's case to the jury and allow the jury to return a plaintiff's verdict. *Smith v. Company*, 97 N.H. 522, 524, 92 A.2d 658, 659 (1952).

■ The second reason supporting the trial court's refusal was the insufficiency of the evidence to justify any instruction on *res ipsa*. The defendant admitted that the lift was under its exclusive control at the time of the accident, but it disputed the other two elements necessary for *res ipsa* to apply.

Looking to the first element,

"[i]n the usual case, the basis of past experience, from which the conclusion may be drawn that such events usually do not occur without negligence, is one common to the whole community, upon which the jury are simply permitted to rely. Even where such a basis of common knowledge is lacking, however, expert testimony may provide a sufficient foundation. . . ."

W. PROSSER & W. KEETON, THE LAW OF TORTS 247 (5th ed. 1984). *Accord* RESTATEMENT (SECOND) OF TORTS § 328D comment d (1965); *Jones v. Harrisburg Polyclinic Hospital*, 496 Pa. 465, 437 A.2d 1134, 1138 (1981); *Buckelew v. Grossbard*, 87 N.J. 512, 527–28, 435 A.2d 1150, 1158 (1981). The plaintiff correctly concluded that this was a case requiring expert testimony to establish that the accident was of a sort that ordinarily would not have occurred without negligence. An expert testified about various negligent acts and omissions that could have caused the accident. This testimony was, however, at the least unclear in eliminating non-negligent causes, for the expert stated that one of the braking mechanisms could have failed "for some other reason." So far as the record indicates anything, that "other reason" need not have been someone's negligence, and we

think it is fair to say that the expert testimony did not provide the first element necessary for the application of *res ipsa*.

It appears to us that the same point is true with respect to the third element, the sufficient elimination of other responsible causes for the accident. Once again, the mechanics of ski lifts are outside common experience, and jurors would need the benefit of expert testimony before they could reasonably eliminate all probable causal negligence but that of the defendant-operator. On this issue, the expert described several causal malfunctions that apparently could have resulted either from defective design or from defective maintenance. Since this testimony did not tend to eliminate the negligence of the designer or manufacturer from the range of reasonably possible causes of malfunction, it was insufficient to carry the plaintiff's burden. The trial court was, therefore, justified in refusing to instruct on *res ipsa*.

█    Here we should note that the defendant seems to go so far as to argue that this third condition can be satisfied only if the plaintiff's expert can determine the true cause of the accident. This would be too narrow a reading of the *res ipsa* rule, however.

> "[T]he plaintiff is not required to exclude all other possible conclusions beyond a reasonable doubt and it is enough that he makes out a case from which the jury may reasonably conclude that the negligence was, more probably than not, that of the defendant."

RESTATEMENT (SECOND) OF TORTS § 328D comment f; W. PROSSER & W. KEETON, *supra* at 248–51. In any case, the lack of sufficient expert testimony to satisfy either the first or the third condition justified the trial court's refusal to instruct on *res ipsa* at the trial.

█    The fourth and final assignment of error challenges the court's refusal to allow the jury to consider common law negligent operation of the ski lift as a basis for liability. We believe the trial judge was correct.

He based his ruling on the provision of RSA 225-A:26, I (now RSA 225-A:25, I (Supp. 1983)), to which we have already referred. At the time of the accident the statute read as follows:

> "I. Unless an operator is in violation of this chapter or the regulations of the board, which violation is causal of the injury complained of, no action shall lie against any operator by any skier or representative thereof; this prohibition shall not, however, prevent the maintenance of an action against an operator for negligent construction or

> maintenance of the passenger tramway itself or any build-
> ing within the area."

The judge read the provision expressly allowing common law actions for negligent construction and maintenance as implicitly excluding common law liability for negligent operation. He thus applied the rule of construction that the expression of a series implies the exclusion of a relevant item omitted from the series. *In re Gamble*, 118 N.H. 771, 777, 394 A.2d 308, 311 (1978); 2A SUTHERLAND STAT. CONST. § 47.23–.24 (4th ed. C. Sands rev. 1984).

The plaintiffs argue that this rule should not be applied in deroga-tion of the common law unless the exclusory intention is clear. *See Bolduc v. Herbert Schneider Corp.*, 117 N.H. 566, 568, 374 A.2d 1187, 1188–89 (1977). And they cite *Ford v. Black Mountain Tram-ways*, 110 N.H. 20, 259 A.2d 129 (1969) as specific authority for con-struing this statute as preserving the common law action for negli-gent operation.

We do not read *Ford* as the plaintiffs do, however. While the court in *Ford* noted that the plaintiff's action alleged negligent operation and maintenance of a ski lift, the court held only that under then RSA 225-A:26 the plaintiff could maintain an action for common law negligence in maintenance and construction.

Nor do we believe that *Bolduc* is helpful to the plaintiffs here. Even though *Bolduc* is good authority for the rule that an exclusory intention must be clear before courts will infer a limitation of com-mon law rights of action, we believe that such an intention is appar-ent in this statute. Before its most recent amendment, the statute expressly preserved common law liability for tramway operators' negligence in construction and maintenance of the tramway. These two categories of tramway construction and maintenance are natu-rally and commonly associated with a third, tramway operation. RSA 225-A:19, for example, lists "construction, operation and main-tenance" as possible sources of danger to the public, and RSA 225-A:8 gives responsibility to the tramway safety board for the adop-tion of rules to ensure safety in "construction, operation and maintenance" of tramways. Therefore, the omission in former RSA 225-A:26, I, of any reference to the third related category, operation, does appear to have been clearly intended. Such an intent was con-sistent with the heavy responsibility given to the tramway safety board to promote safe operation not only by issuing rules, RSA 225-A:8, but by taking action to stop the operation of tramways present-ing unreasonable hazards. RSA 225-A:18-a, :19-a.

■■ Finally, the original intent to exclude common law liabil-ity for negligent operation is confirmed by the 1978 amendment to

the statute, which provided that an operator could be liable for such negligent operation. Laws 1978, 13:5; RSA 225-A:25, I (Supp. 1983). Since "any material change in the language of the original act is presumed to indicate a change in legal rights," 1A SUTHERLAND STAT. CONST. § 22.30 (4th ed. C. Sands rev. 1972), we infer from the 1978 amendment that the legislature had previously intended to exclude common law liability for negligent operation. Since the 1978 amendment effected a substantive change in the law, it is not to be construed retrospectively to impose liability for acts or omissions preceding its effective date. *See McKinley v. Cummings*, 123 N.H. 282, 283, 461 A.2d 97, 98 (1983). Therefore, we conclude that the trial judge correctly refused to submit the common law claim for negligent operation to the jury. Consequently, the claim for improper operation requires proof of a causal violation of the statute or of the rules of the tramway safety board.

*Reversed and remanded.*

JOHNSON, J., did not sit; the others concurred.