McConchie v. Samsung Electronics        CV-99-040-JD   08/11/00

UNITED STATES DISTRICT COURT FOR THE
                        DISTRICT OF NEW HAMPSHIRE


Donald and Susan McConchie

     v.                                    Civil No. 99-40-JD
                                           Opinion No. 2000 DNH 180
Samsung Electronics America, Inc.
and Samsung Electronics Co., Ltd.


                            O R D E R


     The plaintiffs, Donald and Susan McConchie, brought suit

against the manufacturer and distributor of Samsung microwave

ovens, alleging that a defect in their Samsung oven caused a fire

that damaged their home and personal property.  The defendants

move for summary judgment on the grounds that the McConchies

cannot prove their claims of strict product liability or

negligence based on an alleged defect in the microwave oven.  In

addition, the defendants contend that the McConchies' breach of

warranty claims are barred as untimely filed, by a limitation in

the warranty as to available remedies, and as to the claim of

breach of warranty for a particular purpose, due to a lack of

evidence of any particular purpose.


                         Standard of Review

     Summary judgment is appropriate when "the pleadings,

depositions, answers to interrogatories, and admissions on file,

together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The record evidence is taken in the light most favorable to the nonmoving party. See Zambrana-Marrero v. Suarez-Cruz, 172 F.3d 122, 125 (1st Cir. 1999). "[A]n issue is 'genuine' if the evidence presented is such that a reasonable jury could resolve the issue in favor of the nonmoving party and a 'material' fact is one that might affect the outcome of the suit under governing law." Fajardo Shopping Ctr. v. Sun Alliance Ins. Co., 167 F.3d 1, 7 (1st Cir. 1999). Summary judgment will not be granted as long as a reasonable jury could return a verdict in favor of the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

## Background

The plaintiffs' home in Keene, New Hampshire, was extensively damaged by a fire on April 8, 1996. The fire marshal for the city of Keene inspected the fire site and concluded that the fire originated within the plaintiffs' microwave oven and that the source of ignition was electrical. The microwave oven was designed, manufactured, and distributed by the defendants. The fire investigator hired by the plaintiffs' insurance company

2

also concluded that the fire originated within the microwave.

The plaintiffs bought the microwave at Lechemere's on September 22, 1995.  The fire occurred six and one-half months later.  No one had used the microwave oven within twenty-four hours before the fire.  All of the appliances near the microwave were unplugged at the time of the fire.  For purposes of the summary judgment motion, the defendants stipulate that the fire originated within the microwave oven.

Randolph W. Marshall, a licensed professional engineer, was retained to examine the microwave oven along with other evidence to determine the cause of the fire.  Marshall obtained an exemplar microwave, the same model as the plaintiffs' oven, and inspected the damaged microwave, including a destructive examination of the oven.  From his investigation and examination of both the damaged and exemplar ovens, Marshall determined that the fire started in the area of the control panel, "on, or just behind, the circuit board at about five inches from the bottom. Examination of the exemplar microwave shows many components installed on the board in this area, most of which control or transfer the line voltage power."  Marshall letter of April 12, 2000 at 3.  However, Marshall could not pinpoint the source of the fire:  "Due to the complete destruction of the control panel, neither the location on the board nor the component that failed

3

can be determined." Id. He concluded "that the circuit board, one of the attached components, or the connection of a component [in the microwave oven] was defective and failed. The failure caused overheating and ignited nearby combustibles." Id.

In his deposition, Marshall stated that it was his opinion that the microwave oven had a manufacturing defect, not a design defect. The defendants, referring to their answers to interrogatories, represented that Samsung microwave ovens were manufactured in accordance with the Underwriters Laboratories, Inc., standard for Microwave Cooking Appliances. The defendants also represented that the microwave ovens were tested and inspected for quality control by both Samsung and Underwriters Laboratories.

The plaintiffs' microwave oven had a warranty "against manufacturing defects in materials or workmanship" on parts and labor for one year and on the magnetron for eight years. Defs. Ex. D-3. The warranty also provided, "[Samsung] further warrants that if this product fails to operate properly within the specified warranty period and the failure is due to improper workmanship or defective material, [Samsung] will repair or replace the product at its option." Id. The warranty listed certain exclusions, including "damage due to accident, fire, flood and/or other Acts of God."

4

                              Discussion

     The plaintiffs claim strict product liability and negligence

based on theories of defective design and manufacture of their

microwave oven.  The plaintiffs also claim breach of implied and

express warranties pursuant to N.H. Rev. Stat. Ann. ("RSA")

§ 382-A:2-314 and 382-A:2-315.  In their motion for summary

judgment, the defendants contend that the plaintiffs cannot prove

strict product liability or negligence absent proof as to which

part was defective and that the breach of warranty claims are

untimely, excluded, or lack proof.


A.  Defect

     The defendants argue that the plaintiffs cannot prove their

strict liability and negligence claims without proof of what

component in the microwave was defective and caused the fire and

without proof of a design defect.  The defendants also contend

that the plaintiffs lack proof of negligence.  Although the

plaintiffs did not expressly concede their design defect claims,

they offer no evidence or argument in their objection to summary

judgment in support of their defective design claims.  Randolph

Marshall, the plaintiffs' expert witness, stated in his

deposition that he found evidence of a manufacturing defect but

                                 5

not a design defect.  As the plaintiffs have not shown any evidence to support a design defect claim, the defendants are entitled to summary judgment as to the plaintiffs' strict liability and negligence claims based on a theory of defective design.  See Price v. Bic Corp., 142 N.H. 386, 389 (1997) (providing elements of defective design claim).

1.  Strict product liability.

New Hampshire applies the theory of strict product liability provided in the Restatement, Second, of Torts, § 402A: "One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer . . . ."  See Bellotte v. Zayre Corp., 116 N.H. 52, 53 (1976).  A manufacturing defect "involve[s] injury to a particular consumer from one defective item in a product line."  Price, 142 N.H. at 389.  The plaintiff must prove a defective condition that was unreasonably dangerous to the user and that the condition existed at the time of purchase.  See Thibault v. Sears, Roebuck & Co., 118 N.H. 802, 807, 809 (1978).

A plaintiff cannot rely solely on the fact of injury to prove a product defect.  See Elliott v. Lachance, 109 N.H. 481, 485 (1969).  Instead, a "[p]laintiff must adduce proof of facts

6

and circumstances warranting the conclusion that the product was unwholesome or not fit for the purpose for which it was intended." Id. While "mere injury" is insufficient to prove liability, when a plaintiff cannot identify the specific defect, product defect may be proven through circumstantial evidence of malfunction and a lack of evidence of other causes. See Makuc v. American Honda Motor Co., Inc., 835 F.2d 389, 392 (1st Cir. 1987); see also Perez-Trujillo v. Volvo Car Corp. (Sweden), 137 F.3d 50, 56 n.10 (1st Cir. 1998); Walker v. General Elec. Co., 968 F.2d 116, 120 (1st Cir. 1992). Many courts permit circumstantial evidence to prove product defect. See, e.g., Ricci v. Alternative Energy Inc., 211 F.3d 157, 162-63 (1st Cir. 2000) ("'By the very nature of a fire, its cause must often be proven through a combination of common sense, circumstantial evidence and expert testimony.'" [quoting Minerals & Chems. Philipp Corp. v. S.S. Nat'l Trader, 445 F.2d 831, 832 (2d Cir. 1971)]); Klein v. General Elec. Co., 714 S.W.2d 896, 900 (Mo. Ct. App. 1986); Allison v. Merck and Co., Inc., 878 P.2d 948, 953 (Nev. 1994); White v. DePuy, Inc., 718 N.E.2d 450, 456 (Ohio Ct. App. 1997); Roselli v. General Elec. Co., 599 A.2d 685, 688 (Pa. Super. Ct. 1991); Turbines, Inc. v. Dardis, 1 S.W.3d 726, 735 (Tex. Ct. App. 1999).

The plaintiffs have provided evidence that the fire started

7

in the area of the microwave's circuit board.  Their expert witness gives his opinion "that the circuit board, one of the attached components, or the connection of a component [in the microwave oven] was defective and failed.  The failure caused overheating and ignited nearby combustibles."  The plaintiffs have therefore provided sufficient circumstantial evidence of a manufacturing defect in the microwave that caused the fire to survive summary judgment.

2.  <u>Negligence.</u>

To prove negligence, the plaintiffs must show "that the defendant[s] owed the plaintiffs a duty, that the duty was breached, that the plaintiffs suffered an injury, and that the defendant[s'] breach was the proximate cause of the injury."  <u>Laramie v. Sears, Roebuck & Co.</u>, 142 N.H. 653, 655 (1998) (quotation omitted).  Every manufacturer owes a legal duty "to use due care to avoid foreseeable dangers in its products."  <u>Medtronic, Inc. v. Lohr</u>, 518 U.S. 470, 501 (1996).  The defendants contend that the plaintiffs lack evidence both of a particular defect in the oven and that the defendants breached their duty to use reasonable care to avoid dangers in their microwave ovens.  As discussed above, the circumstantial evidence and the plaintiffs' expert witness provide sufficient evidence of

8

defect to avoid summary judgment on that issue.

The plaintiffs provide no evidence of negligence, however, and instead invoke the doctrine of res ipsa loquitur in support of their negligence claim. The doctrine of res ipsa loquitur permits an inference of negligence from circumstantial evidence pertaining to an accident in an appropriate case. See Rowe v. Public Serv. Co., 115 N.H. 397, 399 (1975). For res ipsa loquitur to apply, the plaintiffs must prove "that (1) the accident [is] of a kind which ordinarily does not occur in the absence of someone's negligence; (2) [the accident was] caused by an agency or instrumentality within the exclusive control of the defendant; and (3) other responsible causes are sufficiently eliminated by the evidence."[1] Id.

The plaintiffs offer no evidence or even argumentation to show that the circumstances of this case meet the requirements of the res ipsa loquitur doctrine. The defendants contend in their reply memorandum that the plaintiffs cannot satisfy the

_____

[1] In their reply memorandum, the defendants argue that New Hampshire courts do not apply the doctrine of res ipsa loquitur. To the contrary, the New Hampshire Supreme Court has stated that "res ipsa loquitur has long been the law of this State." LaRoche v. Doe, 134 N.H. 562, 568 (1991). The doctrine, therefore, appears to be viable under New Hampshire law in an appropriate case, even if the New Hampshire Supreme Court has not yet found an appropriate case in which to apply the doctrine. See, e.g., Cowan v. Tyrolean Ski Area, Inc., 127 N.H. 397, 400 (1985).

9

"exclusive control" element of the res ipsa loquitur doctrine because when the accident occurred, the oven was installed in the kitchen of the plaintiffs' house and was not in the exclusive control of the defendants. Res ipsa loquitur requires that the "instrumentality" of the accident be in the exclusive control of the defendant. See Smith v. Coca Cola Bottling Co., 97 N.H. 522, 524 (1952). Given the plaintiffs failure to show a trialworthy issue as to the application of res ipsa loquitur in this case and the lack of any evidence of the defendants' negligence, the defendants are entitled to summary judgment on the negligence claim.

B.  Warranty

As the defendants acknowledge, under New Hampshire law, a seller warrants that the goods are merchantable and are fit for the ordinary purposes for which such goods are used unless the seller expressly limits the warranty. See RSA § 382-A:2-314; Xerox Corp. v. Hawkes, 124 N.H. 610, 616 (1984). A warranty as to the fitness of the goods for a particular purpose is implied if the seller had reason to know of the buyer's particular purpose for the goods at the time of contracting for the sale. See RSA § 382-A:2-315. A buyer's remedy for a breach of warranty includes consequential damages. See RSA § 382-A:2-715(2). The

agreement may alter the remedies available, but the remedy provided is optional "unless the remedy is expressly agreed to be exclusive." RSA § 382-A:2-719(1). While the statute provides four years from the time of sale to bring an action for breach of a contract for sale, the parties may agree to a shorter time, but not less than one year. See § RSA 382-A:2-725(1).

The defendants argue that the warranty in the Samsung User's Guide requires that actions be brought within one year of the sale. Because the plaintiffs did not bring their action within a year of the sale of the microwave, the defendants contend their warranty claims are not timely. The pertinent language in the warranty limits its coverage to manufacturing defects in materials or workmanship for a period of one year for parts and labor and eight years for the magnetron. That provision plainly applies to the period of warranty coverage, not to the time within which a buyer may bring an action. See Gamble v. University of New Hampshire, 136 N.H. 9, 13 (1992) (providing principles of contract interpretation under New Hampshire law). The fire occurred six and one-half months after the microwave oven was purchased.

Nothing in the part of the warranty included in the record for summary judgment addresses the period within which claims for breach may be brought. Since the plaintiffs brought suit within

11

the four years provided in RSA § 382-A:2-725(1), their suit was timely filed.

The defendants also argue that the warranty limited the plaintiffs' remedy to repair or replacement of the oven at the defendants' option.  While the warranty provides for the repair or replacement remedy, it does not explicitly limit buyers to that remedy nor does the warranty disclaim consequential damages. Cf. Xerox Corp., 124 N.H. at 617-18 (considering effectiveness of disclaimer language).  In the absence of limiting language or a disclaimer, the warranty does not preclude consequential damages. See RSA § 382-A:2-714, 382-A:2-719(1).

The plaintiffs do not contest the defendants' motion for summary judgment as to a warranty of the oven for a particular purpose under RSA § 381-A:2-315.  No evidence has been presented of any particular purpose for the oven.  The defendants are entitled to summary judgment as to the claim of breach of the implied warranty for a particular purpose.


Conclusion

For the foregoing reasons, the defendants' motion for leave to file a reply memorandum (document no. 26) is granted; the memorandum was considered in deciding the motion for summary judgment.  The defendants' motion for summary judgment (document

12

no. 23) is granted as to the plaintiffs' negligence claims, the strict liability claim based on a theory of design defect, and plaintiffs' claim of breach of warranty for a particular purpose. The defendants' motion is otherwise denied.

With the resolution of this motion, the parties should engage in good faith efforts to arrive at a nontrial disposition of this case.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
District Judge

August 11, 2000

cc:  James C. Wheat, Esquire
     Robert D. Lietz, Esquire
     Andrew D. Dunn, Esquire