ENTERED AUG 0 6 2014

STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
Docket No. AP-13-42
RAC-CUM-08-04-14

THOMAS J. YARCHESKI,

        Appellant

    v.

P & K SAND AND GRAVEL,

        Appellee

ORDER STATE OF MAINE
Cumberland. ss. Clerk's Office

AUG 0 4 2014

RECEIVED

On July 24, 2013, the *pro-se* Appellant filed an appeal of the District Court's (Bridgton *Moskowitz, J.*) July 2, 2013 Notice of Judgment against him in the Appellant's small claims action. The Appellant contends that the court erred when it found in favor of the Appellee and failed to recognize that the Appellant had demonstrated by a preponderance of the evidence that the Appellee damaged his mailbox. The court held a non-testimonial hearing on this appeal where both Appellant and Appellee were present. The court has reviewed the filings in this action, including the briefs from the Appellant and Appellee and finds for the reasons articulated below that the District Court's Judgment shall be affirmed.

Appellant's small claims action arose out of his Statement of Claim that a P & K Sands and Gravel truck equipped with a snowplow acted negligently and thereby caused $450.00 in damage to his specially designed mailbox. After hearing on July 2, 2013, the District Court rendered judgment in favor of the Defendant. The District Court's Notice of Judgment does not contain any findings of fact.

**Factual Background:**

The following facts are taken from the District Court record. At the hearing, the court heard that there was a heavy snowstorm on November 23, 2011. The Plaintiff alleged that on that day the Defendant damaged his mailbox, so that it was slanted off of a 90 degree angle by approximately 30 degrees. The Plaintiff has a custom designed mailbox that is designed to break-away on impact. It contains a copper pin at its base that is filled with cement. The damage alleged in this case particularly concerns the copper pin construction. The copper pin did not break until the Defendant attempted to right the mailbox months later.

The Town of Naples contracts with P & K Sands and Gravel for it to perform snow plowing and sanding. P & K Sands and Gravel plows Heritage Hill Road where the Plaintiff lives. At the hearing, Jeff Chapman, whose route includes Heritage Hill Road, admitted to plowing that road that day and denied having hit Mr. Yarcheski's mailbox. In fact, Mr. Chapman stated that he had been warned to avoid Mr. Yarcheski's area, because of Mr. Yarcheski's litigious tendencies. Mr. Chapman, who has been plowing snow for over 30 years, stated that he has never plowed Heritage Hill Road at an excessive rate of speed.

Mr. Yarcheski contends that he heard a truck coming down Heritage Hill Road at dawn on the morning of the 23rd, and that one of his neighbors actually saw a truck. No one witnessed the truck hitting Mr. Yarcheski's mailbox or plowing snow in front of Mr. Yarcheski's property. Mr. Yarcheski does not contend that the plow hit his mailbox, instead Mr. Yarcheski's theory is that the Appellee's truck was traveling too quickly and the force of the heavy wet snow being thrown off the plow or splashing off the plow damaged his mailbox.

**Standard and Discussion:**

Mr. Yarcheski's appeal is confined to questions of law. *See* M.R.S.C.P. 11(d)(1) ("An appeal by a plaintiff shall be on questions of law only and shall be determined by the Superior

2

Court without jury . . . "); *see also* M.R. Civ. P. 76D. This court can only overturn the District Court's judgment if the court finds that the District Court committed an error of law. *See Darling's Bangor Ford v. Ford Motor Co.*, 2003 WL 23110061, * 3 (Me. Super. Nov. 26, 2003). Factual findings of the District Court can only be set aside if they are clearly erroneous. M.R. Civ. P. 76D. In this instance, the District Court did not provide factual findings for this court to review. The court notes that many of the Appellants' arguments are factual arguments. Because this court is limited to considering questions of law, it cannot overturn the District Court's decision based on the appellant's factual arguments.

To prevail on a claim for negligence, a plaintiff must demonstrate a duty of care, breach of the duty of care, injury, and causation between the breach of the duty of care and the injury. *See Estate of Smith v. Cumberland Cnty.*, 2013 ME 13, ¶ 16, 60 A.3d 759.

In *Durham v. HTH Corp.*, a slip and fall case in a restaurant, the Law Court found the following insufficient to demonstrate a breach of duty on the part of the defendants: testimony regarding a metal strip on the top stair being pulled or curled up after the accident, as well as evidence regarding two other patrons falling down the stairs, along with the restaurant owner's husband stating "'maybe' the metal strip could have caused Durham's accident". 2005 ME 53, ¶¶ 10-11, 870 A.2d 577. *See also Duchaine v. Fortin*, 159 Me. 313, 318, 192 A.2d 473, 476 (1963) (citations omitted) ("Liability cannot be predicated upon the mere happening of an accident. It does not necessarily imply negligence . . . . [T]o establish a case upon inferences drawn from facts, it must be from facts proven. Inferences based on mere conjecture or probabilities will not support a verdict.").

The Appellant failed to demonstrate that the elements of a negligence action are met. In particular, the Appellant has not shown that P & K breached its duty, or that the breach of duty

3

proximately caused damage to his mailbox. Mr. Yarcheski's theory is unsupported by the evidence; instead, Mr. Yarcheski relies entirely on speculation and conjecture. While chastising the Appellee for failing to provide what he would deem credible alternative explanations for the damage to the mailbox, Mr. Yarcheski himself stated that there are "countless other *possibilities*". (Yarcheski Br. 5.) (emphasis in the original). Mr. Yarcheski has not shown that his theory regarding the damage to the mailbox is anything more than speculation. *See Stodder v. Coca-Cola Bottling Plants*, 142 Me. 139, 143, 48 A.2d 622, 624 (1946) (citation and quotation omitted) ("Where, in a negligence case there are two or more possible causes and the true cause is conjectural, the Court cannot, and a jury should not, select."

Accordingly, this court orders that the District Court's Judgment is **AFFIRMED**. The Appellant's Appeal is denied.

The Clerk is directed to incorporate this Order into the docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Dated: _August 4, 2014_

Hon. Roland A. Cole
Superior Court Justice

4

Date Filed __7-31-13__ ĊUMBERLAND _____ Docket No. __AP-13-42__

County

Action __DISTRICT COURT APPEAL (SMALL CLAIMS)__

THOMAS J YARCHESKI                    P & K SAND AND GRAVEL

vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| PRO SE<br>PO BOX 1206<br>52 HERITAGE HILL RD<br>NAPLES ME 04055 | MATTHEW MEHALIC ESQ<br>NORMAN HANSON & DETROY<br>PO BOX 4600<br>PORTLAND ME 04112-4600 |